**UNITED STATES of America, Plaintiff-Appellant,**

v.

**PREMISES KNOWN AS 8584 OLD BROWNSVILLE ROAD, SHELBY COUNTY, TENNESSEE, etc., Defendant-Appellee.**

No. 83–5245.

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1984.

Decided June 25, 1984.

W. Hickman Ewing, Jr., U.S. Atty., Timothy R. DiScenza, Memphis, Tenn., David B. Smith, Juan C. Marrero, Asset Forfeiture Office, Criminal Div., argued, Washington, D.C., for plaintiff-appellant.

Manuel P. Scarmoutsos, argued, Memphis, Tenn., for defendant-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This appeal involves the interpretation of 21 U.S.C. § 881(a)(6), the forfeiture provision of the Psychotropic Substances Act of 1978. The government filed a civil forfeiture complaint in the United States District Court for the Western District of Tennessee against the defendant-appellee real property, alleging that it was purchased with money gained from an illegal marijua-

na transaction, and so was forfeitable under the statute. The district court granted the appellee's motion to dismiss on the ground that 21 U.S.C. § 881(a)(6) does not apply to real property. We hold that real property is forfeitable under 21 U.S.C. § 881(a)(6) and, accordingly, vacate the district court's dismissal.

Section 881(a)(6) provides:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, *all proceeds traceable to such an exchange,* and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner. (emphasis added)

Although title to the real property was in Dorothy Potter, the government alleged that her son, William, had bought it with funds derived from his illicit drug dealings. The government claims that the property is therefore "proceeds" traceable to an illegal exchange of controlled substances and so subject to forfeiture.

Dorothy Potter filed a motion to dismiss the government's complaint, contending that real property is not forfeitable under § 881(a)(6). The district court agreed with Potter's contention and granted the motion. This appeal, therefore, raises the single, narrow issue whether real property may be forfeited under this provision.

Case law on the question whether real property is forfeitable under § 881(a)(6) is extremely sparse. The issue has apparently never been decided at the circuit court level. At least one district court, however, has entered judgment ordering the forfeiture of real property pursuant to § 881(a)(6). In *United States v. Certain Real Property Situated At Route 3*, 568 F.Supp. 434 (W.D.Ark.1983), the court held that certain items of property, including ten acres of land and a house on the land, were forfeited because they were the proceeds of illegal drug transactions. The court did not, however, discuss whether real property should be differentiated from personal property under the statute, concentrating instead on whether the property was substantially connected with the illegal activities. Because of the dearth of significant case law on the question raised in this appeal, our decision must be based on a careful reading of the statute, an examination of its legislative history, and the dictates of common sense.

Our first task in determining the scope of the statute is to examine its language. We note that "[i]f the statutory language is unambiguous, in the absence of a 'clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive'." *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). In our opinion, the term "all proceeds" in § 881(a)(6) is unambiguous and includes all types of property, both real and personal.

The appellee argues that because the statute does not specifically list real property as a type of property subject to forfeiture, it is not forfeitable under the statute. We disagree with this reading of the statute. Although the only types of property specifically listed in subsection (a)(6) and the other subsections of § 881 are personal property, the statute nowhere excludes real property from its coverage. The specific language of the statute with which this opinion deals, "all proceeds traceable to such an exchange," is all-inclusive and excludes no property, real or personal.

The appellee also contends that the term "proceeds" does not include real property because subsection (c) of § 881 provides

that property taken under the statute shall not be repleviable. Appellee points out that only personal property is subject to replevin, and argues from this basis that the term "proceeds" in subsection (a)(6) cannot therefore include real property. This argument is tenuous at best; we find that subsection (c) is simply not relevant when real property is forfeited.

Having determined that the unambiguous language of the statute provides for the forfeiture of both real and personal property, we now turn to the legislative history of the statute to determine whether Congress had "clearly expressed a legislative intent" that the statute should apply only to personal property. We determine that such an intent is not found in the legislative history.

Senator Culver, one of the sponsors of the bill, stated that § 881 "would provide the United States with strong new weapons to combat the diversion of psychotropic drugs into illicit channels, to stem the alarming increase in the use of PCP, and to strike at the profits of illegal drug trafficking." 124 *Cong.Rec.* S34667 (1978). The senator also noted that the section would enable federal officers "to seize property that is traceable to such illegal transactions." *Id.* Given the broad purpose of the statute and the explanation expressed by Senator Culver, it seems highly unlikely that Congress intended to exclude real property from the statute's coverage. Although several types of personal property are specifically listed as subject to forfeiture, the history also refers to property in general terms that would appear to include real property. 124 *Cong.Rec.* S17647, *reprinted in 1978 U.S.Code Cong & Adm. News* 9496, 9518, 9522–23.

The legislative history also suggests an answer to appellee's argument that, because forfeiture statutes are penal in nature, § 881(a)(6) should be narrowly construed to include only personal property. The history reveals that Congress recognized the penal nature of forfeiture statutes, and accordingly limited the application of § 881(a)(6) to situations in which "there is a substantial connection between the property and the underlying criminal

activity which the statute seeks to prevent." *Id.* at 9522. Congress did not, however, limit the section's application to personal property.

Finally, a conclusion that real property is not forfeitable under § 881 does not comport with the dictates of good sense. There is no reason to suspect that Congress excluded real property from the statute's definition when money from illegal drug transactions can be as readily invested in real property as in personal property. We do not believe that Congress intended to create such a large loophole for drug traffickers and financiers.

The statute, moreover, expressly provides for forfeiture of "other things of value" that are exchanged for controlled substances, and "other things of value" could hardly be more inclusive and certainly includes real property. It would not make sense to include real property when exchanged for controlled substances and not include it as "proceeds" when it is purchased with the money received from the sale of controlled substances.

We hold, therefore, that the district court erred in granting appellee's motion to dismiss, vacate the judgment dismissing this action, and remand the case for further proceedings consistent with this opinion.