**In the Matter of the Application of Michael J. KINGSLEY For the Return of Seized Property.**

**M.B.D. No. 85–30–F.**

United States District Court,
D. Massachusetts.

July 12, 1985.

John Thompson, Springfield, Mass., for petitioner.

Henry Rigali, Asst. U.S. Atty., Springfield, Mass., for respondent.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

### INTRODUCTION

On May 3, 1985 agents of the United States Drug Enforcement Administration ("DEA") seized petitioner Michael Kingsley's residence and its "contents" pursuant to the civil forfeiture provisions of the federal narcotics laws, 21 U.S.C. § 881. Relying on a subsequently-impounded affidavit, the government procured a warrant from a federal magistrate before seizing petitioner's property. Petitioner has moved for a preliminary injunction that would allow petitioner to return to his home and make use of its contents.[1] In support of his motion, petitioner makes two arguments: 1) that the seizure warrant violates the Fourth Amendment's particularity requirement by authorizing seizure of the "contents" of petitioner's house; and 2) that the particular civil forfeiture provision on which the government relies, 21 U.S.C. § 881(a)(6), should not apply here.

On June 21 the Court entertained oral argument on petitioner's preliminary injunction motion. Now, having very carefully considered the matter, the Court has concluded that petitioner's motion should be granted as to the contents of his residence, but not as to the residence itself. In so ruling, the Court relies on reasons different from those put forth by petitioner.

### FACTS

Petitioner is under investigation by the DEA for violations of the federal narcotics laws. However, petitioner has not yet been indicted for any crime. On May 3 and 6 the DEA obtained eight warrants for the seizure of virtually all of petitioner's property, including bank accounts, petitioner's residence and the residence's contents. The Magistrate issued the warrants on the strength of an affidavit of DEA Special Agent Edward O'Brien. The Court has perused this affidavit, which is impounded and shall remain so until further order of the Court.

---

1. Petitioner has also moved pursuant to Fed.R. Crim.P. 41(e) for return of seized property. However, the Court has concluded that R. 41 is not applicable in this context. The warrant required in this type of case, *see infra* at pp. 222–23, is not issued for any of the purposes listed in R. 41(b). This is not to say, however, that R. 41 would be inapplicable if the government, relying on a R. 41(b) search warrant, seized property incident to the search under the first exception to § 881(b)'s warrant requirement.

Concisely stated, the government's theory is that everything petitioner owns is forfeitable under § 881(a)(6), which allows forfeiture of all proceeds traceable to an exchange of money for drugs,[2] because it appears that petitioner's only source of income during the last ten years has been illegal narcotics activity.

## DISCUSSION

### I.

This case raises several important and disturbing issues which the Court must address before reaching the merits of petitioner's preliminary injunction motion. Throughout this entire proceeding the government has maintained that it could have proceeded against petitioner's property without a warrant. Because the unchecked scope of this seizure threatens to turn § 881 into a powerful weapon of oppression by the government, the Court feels compelled to respond to this contention.

■ Under the seizure provisions of the civil forfeiture statute, 21 U.S.C. § 881(b),[3] the government may seize property in one of two ways. First, the government may seize property "upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims...." *Id.* This process requires the government to file a verified complaint with the clerk of the court in the district in which the property may be found. The clerk then "shall forthwith issue a warrant for the arrest of the ... property." Supplemental Rule C. Second, the government may seize property without this process if the situation falls within one of four exceptions, only two of which could possibly be relevant here: one, if the seizure is incident to a search, arrest or inspection under a search or administrative inspection warrant or two, if the Attorney General has probable cause to believe the property is subject to civil or criminal forfeiture under the drug laws.

Neither of these exceptions is applicable here. Seizure of petitioner's property was not effected incident to the execution of any search or inspection warrant; indeed, the warrant the government used here could not be classified as either of the above.

Nor can the government claim the "probable cause" exception in this case. In *United States v. Pappas*, 613 F.2d 324 (1st Cir.1979), the Court of Appeals read into this exception the dual prerequisites of contemporaneous probable cause and exigent circumstances.[4] The Court of Appeals first

---

**2.** 21 U.S.C. § 881 reads in pertinent part,
(a) Subject property. The following shall be subject to forfeiture to the United States and no property right shall exist in them:

   .    .    .    .    .

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this title, *all proceeds traceable to such an exchange....*
*Id.* (emphasis added). The Court believes that § 881(a)(6) allows the forfeiture of real property if it was purchased with money derived from illegal drug transactions. *United States v. Premises Known as 8584 Old Brownsville Road, Shelby County, Tennessee,* 736 F.2d 1129 (6th Cir. 1984).

**3.** Section 881(b) provides:
(b) Seizure pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims. Any property subject to civil or criminal forfeiture to the United States under this title may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, *except that seizure without such process may be made when—*
   (1) the seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;
   (2) the property subject to seizure has been the subject of a prior judgment in favor of the United States in a criminal injunction or forfeiture proceeding under this title;
   (3) the Attorney General has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or
   (4) the Attorney General has probable cause to believe that the property is subject to civil or criminal forfeiture under this title.
*Id.* (emphasis added).

**4.** Actually, when the First Circuit decided *Pappas,* the fourth exception under § 881(b)(4) read, "(4) the Attorney General has probable

held that the warrant the clerk issues under § 881(b) requires a showing of Fourth Amendment probable cause. Given this, the Court of Appeals reasoned that a literal reading of the probable cause "exception" would render this warrant requirement meaningless. *Id.* at 328–29. In the case at bar, there is not even a hint of exigent circumstances that would excuse the government's procuring a warrant. Thus, the Court concludes that the government in this case was bound to comply with § 881(b)'s admiralty process and warrant requirement because the case falls within none of the exceptions to the warrant requirement.

■ However, technically in this case the government did not properly comply with § 881(b)'s admiralty process because it seized petitioner's property on May 3 but did not file a verified complaint until June 26. Invalidating the entire seizure at this juncture and requiring the government to do things in their proper order would only delay until another day resolution of the important questions this case raises and the Court will therefore not pursue such a course. However, the Court stresses that in the future when a warrant is necessary, the government should follow the statutory procedure. Failure to do so may well result in the Court's invalidating the entire seizure.

■ This brings the Court to the following question: if the government had merely gone before the clerk of the court as Rule C of the Supplemental Rules provides and procured a warrant for the arrest of petitioner's property upon the filing of a verified complaint, would that procedure—

without more—be legal? The Court has concluded that it would not. The Court holds that it is necessary in § 881 cases for a magistrate or other detached judicial officer to review the clerk's warrant prior to its issuance to insure it satisfies the Fourth Amendment's requirements of probable cause and particularity.

In *Pappas* the First Circuit held that the Rule C clerk's warrant can issue only on a showing of probable cause because to interpret the warrant requirement otherwise "would conflict with the Fourth Amendment's proscription that 'no Warrants shall issue, *but upon probable cause.*'" *Pappas,* 613 F.2d at 328 (emphasis in original). Even though *in rem* warrants such as those authorized by Rule C can issue without probable cause, the Court of Appeals reasoned, "Section 881 is a punitive, quasi-criminal statute ... and we suspect that Congress gave little consideration to the Fourth Amendment implications of applying the Supplemental Rules in this context." *Id.* Thus, this Court concludes that the Fourth Amendment applies to the general warrant requirement of § 881(b). Furthermore, the Court has determined that both the probable cause and particularity requirements of the Fourth Amendment[5] apply, given that the two are "closely interconnected." *United States v. Hershenow,* 680 F.2d 847, 851 (1st Cir.1982). Finally, this Court holds that the only way to ensure that a clerk's warrant issued under Rule C satisfies the Fourth Amendment is to require that a detached judicial officer review it before the clerk issues it.[6] *Cf. Techem Chemical Co., Ltd. v. M/T Choyo Maru,* 416 F.Supp. 960 (D.Md.1976) (intimating no opinion as to whether indepen-

cause to believe that the property has been used or is intended to be used in violation of this title." This Court believes *Pappas'* rationale applies equally to the fourth exception's new wording.

5. The Fourth Amendment provides in part that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

6. This procedure may not in fact be novel in this District, although today is the first opportu-

nity this Court has had to say in so many words that it is required. For example, in connection with the recent *O'Connor* drug case, *United States v. O'Connor,* Crim. No. 83–0149–F, the government obtained a pre-indictment warrant and monition for the seizure of certain real property pursuant to § 881(a)(6). However, the clerk issued the warrant only upon specific Order of the Court. *See United States v. Three Parcels of Land,* Civ. No. 83–0100–F (D.Mass. Mar. 18, 1983).

dent judicial review of complaint and affidavit before clerk issues warrant would cure due process problems with Rule C).

The question remains, if a clerk's warrant issues without the probable cause or the particularity the Fourth Amendment demands, then what is the remedy? It is possible the traditional remedy for Fourth Amendment violations would be available, namely, the exclusion from the forfeiture proceeding of any evidence obtained in vio-, lation of the Fourth Amendment. *See One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170. (1965); *United States v. One 1977 Mercedes Benz, 450 SEL,* 708 F.2d 444, 448 (9th Cir.1983), *cert. denied sub nom. Webb v. United States,* —— U.S. ——, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). *But see United States v. Leon,* —— U.S. ——, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984) (adopting good faith exception to the exclusionary rule). It is also possible that a property owner might have a cause of action for damages against the federal agents effecting seizure. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *But see Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (qualified immunity available where law not clearly established at time of violation). However, whether a property owner would be entitled to the outright return of his property when that property had been seized under § 881(b) in violation of the Fourth Amendment is an unresolved and intriguing question. Fortunately, the Court need not answer this question, as the Court has concluded that petitioner is entitled to relief in the form of a preliminary injunction because petitioner has shown he is likely to prevail at the forfeiture proceeding on the grounds that the government will be unable to prove probable cause under the statute to forfeit petitioner's property.

## II.

■ In a preliminary injunction situation, of course, it is the movant's burden to establish four elements: 1) movant must show he will suffer irreparable harm if the court does not grant the injunction; 2) movant must demonstrate that the harm to him of denying the injunction outweighs the harm to the opposing party of granting the injunction; 3) movant must prove he is likely to prevail at trial; and 4) movant must establish that the public interest will not be harmed by granting the injunction. *Planned Parenthood League of Massachusetts v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981). Here, to satisfy the third factor, petitioner must show that at the civil forfeiture trial the government will be unable to prove its case.[7]

■ At the trial in a § 881(a)(6) proceeding, the government has the burden to show that there is " 'probable cause for belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute;' *i.e.,* the exchange of a controlled substance." *United States v. $364,960 in United States Currency,* 661 F.2d 319, 323 (5th Cir.1981); *see also United States v. Certain Real Property Situated at Route 3,* 568 F.Supp. 434, 436 (W.D.Ark.1983) (government's burden to show substantial connection between property and illegal activities, though heavy, may be satisfied by circumstantial evidence). The standard for probable cause the government must demonstrate in a § 881 forfeiture case is the same as that used in search and seizure cases. *United States v. One 1974 Porsche 911–S,* 682 F.2d 283, 285 (1st Cir.1982). Property which is "proceeds" may still be forfeitable even though it has been commingled with other assets, involved in intervening legitimate transactions or otherwise changed in form, "but only to the extent

---

7. Because the Court has only heard argument and has not taken any evidence on petitioner's preliminary injunction motion, the only evidence of the forfeitability of petitioner's property is contained in Special Agent O'Brien's affida-

vit. It is on the basis of this affidavit that the Court has determined that petitioner is likely to prevail at the forfeiture trial on that part of the case relating to the "contents" of his residence.

that it could be shown that a traceable connection to an illegal transaction in controlled substances existed." *Joint Explanatory Statement of Titles II and III*, 124 Cong.Rec. S17647 (Oct. 7, 1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 9496, 9518, 9522. Thus, the Court rejects petitioner's argument that because the government here seized proceeds or profits generated by investment, the government has gone beyond the authorization of § 881(a)(6). Rather, the Court is of the opinion that pursuant to § 881(a)(6), the government can seize any type of property, provided the government can trace that property to an illegal drug transaction.

■ Here, the government's theory is that everything petitioner owns is traceable to a drug transaction because the affidavit shows that is exclusively how petitioner has supported himself for at least the last ten years. The Court agrees with the Magistrate that the affidavit provides probable cause to believe that narcotics activity is and has been for some time petitioner's sole source of income and that it is with this money that petitioner purchased his home.[8]

■ However, the Court has difficulty with tracing the alleged narcotics activity to the undifferentiated "contents" of petitioner's residence. Specifically, the affidavit does not give a clue as to which, if any, of the seized items petitioner himself purchased or, if petitioner did purchase the items, whether he purchased them within the last ten years during the time of his alleged narcotics activity or earlier. Thus

the Court is unable to say at this time that the government could meet its burden of proving at the forfeiture proceeding that there is probable cause to believe the "contents" of petitioner's residence are traceable to drug transactions. The Court must therefore conclude that petitioner has demonstrated the requisite likelihood of success on the merits.

As for the irreparable harm element of petitioner's preliminary injunction motion, the Court deems the irreparable harm of being indefinitely deprived[9] of most of one's personal possessions to be obvious.

Nor does the Court believe that any harm to the government of ordering the return of the contents of petitioner's residence outweighs the harm to petitioner. The government's interest lies in forfeiting traceable proceeds. If perchance at the forfeiture trial the government is able to trace petitioner's possessions to illegal drug transactions, the government will then be able properly to forfeit the property, unless petitioner has disposed of it in the meantime. At oral argument, counsel for petitioner indicated that petitioner had no intention of disposing of his property and would agree to the entry of certain restraining orders. The Court shall adopt petitioner's suggestion and shall also require petitioner to post $25,000 bond in order to comply with the requirements of Fed.R.Civ.P. 65(c)[10] and to further insure petitioner's compliance with the restraining order.

Finally, the Court believes the public interest will be harmed if this injunction is

---

**8.** The Court also recognizes that this is perhaps an unusual case. What makes it unusual is that the affidavit provides probable cause to believe that *all* of petitioner's income in the last ten years is from drugs. In a case where a property owner also had some legitimate sources of income it would be more difficult for the government to show a substantial connection between the purchases and the drug money.

**9.** Section 881(i) provides, "The filing of an indictment or information alleging a violation of this title or title III which is also related to a civil forfeiture proceeding under this section *shall,* upon motion of the United States and for good cause shown, stay the civil forfeiture pro-

ceeding." (Emphasis added). Assuming, as is likely, that petitioner is indicted before these forfeiture proceedings are complete, petitioner might well be without the contents of his house for many months.

**10.** Fed.R.Civ.P. 65(c) provides, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

*not* granted. Although the Court recognizes the seriousness of the drug trafficking problem in our society, the Court is very disturbed by the seizure that has occurred here. Petitioner has not even been indicted, yet there is every indication that the seizure of petitioner's property was a punitive gesture. At oral argument, the government kept referring to petitioner as "the defendant" and "a drug violator." Furthermore, the government purports to indefinitely divest petitioner of everything he owns even though there is no question that the seized "contents" of petitioner's residence include private papers, memorabilia and other personal possessions totally unrelated to narcotics activity. Such an intrusion borders on a substantive due process violation, *cf. Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), and the public interest demands it be redressed.

## CONCLUSION

The government was bound to procure a warrant here in accordance with Rule C of the Supplemental Rules because in this case none of the four exceptions to § 881(b)'s warrant requirement apply. Furthermore, it was entirely correct for the government to have a magistrate review the warrant, as the Fourth Amendment demands such neutral judicial oversight.

However, here petitioner has met the four requirements for issuance of a preliminary injunction. He has shown he is likely to prevail at the forfeiture proceeding as to his residence's contents because the evidence currently before the Court—the impounded affidavit—shows that the government will be unable to sustain its statutory burden of proving there is probable cause to believe that the undifferentiated "contents" of petitioner's residence are traceable to illegal narcotics exchanges. Petitioner has also shown that he will be irreparably harmed if all his personal possessions are indefinitely withheld from him. The government is accordingly directed to return to petitioner the "contents" of his residence; however, the government need

not relinquish its seizure of the residence itself.

Petitioner shall post a $25,000 bond and shall not dispose of or encumber any of the returned property before termination of the forfeiture proceedings.

It is So Ordered.