UNITED STATES of America, Plaintiff,

v.

ONE HUNDRED TWENTY–EIGHT THOUSAND THIRTY–FIVE DOLLARS ($128,035.00) IN U.S. CURRENCY

and

Real Estate Known as 1325–1337 West Fifth Avenue, Columbus, Ohio and All Appurtenances and Improvements Thereon, Defendants.

No. C–2–85–897.

United States District Court,
S.D. Ohio, E.D.

Feb. 11, 1986.

Barbara L. Beran, Asst. U.S. Atty., Columbus, Ohio, for plaintiff.

William H. Bluth, Columbus, Ohio, for claimant.

## OPINION AND ORDER

KINNEARY, District Judge.

This case comes before the Court to consider the motions of claimant Jay T. Will to quash an *in rem* arrest warrant issued by the Clerk of Courts for his real property located at 1329–1335 West Fifth Avenue and to dismiss the complaint for forfeiture filed by the government.

This matter arises from the arrest of claimant Jay T. Will on numerous counts including unlawful possession of cocaine in violation of 21 U.S.C. § 841(a)(1). On March 1, 1985, United States Magistrate Norah McCann King determined that there was probable cause to issue a search warrant of the premises located at 1329–1335 West Fifth Avenue, Columbus, Ohio. The warrant authorized the seizure of cocaine as well as other controlled substances, including "notebooks, ledgers, and business records, an office safe together with other fruits, instrumentalities and evidence in violation of Title 21, U.S.C. § 841(a) ..." [1] Upon executing the search warrant, authorities discovered and seized currency, large quantities of cocaine, drug paraphernalia, firearms, ammunition and various records. The authorities also arrested Jay T. Will at the time of the search. Thereafter, on March 28, 1985, Jay T. Will was indicted on various counts alleging violations of Title 21 of the United States Code.

On May 28, 1985, before any determination of guilt was made in the criminal case,[2] the United States filed the current civil

---

1. On July 3, 1985, the District Court in the criminal case of *United States v. Will*, CR–2–85–40 slip op. at 8 (July 9, 1985) found that there was probable cause to issue the March 1, 1985 search warrant of the West Fifth Avenue premises.

2. On July 15, 1985, claimant Will pled guilty to the offense of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a).

complaint for forfeiture of defendant Will's currency and realty pursuant to 21 U.S.C. § 881(b) and Supplemental Rule C(2) of the Federal Rules of Civil Procedure. The Deputy Clerk of the District Court issued a warrant for the arrest of the property. There was no judicial review of the matter or determination of probable cause prior to the Clerk's issuance of the warrant as none was required by the applicable law. The United States Marshal executed the warrant and took the realty into possession on May 29, 1985. The government only permitted Will access to the property after Will agreed to forfeit all gross receipts and pay all costs associated with the property. Jay T. Will subsequently filed a claim for the above property and moved to quash the arrest warrant and dismiss the government's complaint.

The Attorney General instituted the current forfeiture proceeding under 21 U.S.C. § 881(b) which authorizes the forfeiture of property used or intended to be used in the illegal manufacture, distribution or sale of drugs. 21 U.S.C. § 881(b) states, in pertinent part:

Any property subject to civil or criminal forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that seizure without such process may be made when—

(1) seizure is incident to an arrest or a search under a search warrant ...;

(2) the property subject to seizure has been the subject of a prior judgment in favor of the United States in a criminal injunction or forfeiture proceeding under this subchapter;

(3) the Attorney General has probable cause to believe that the property is directly or indirectly dangerous to health or safety;

(4) the Attorney General has probable cause to believe that the property is subject to civil or criminal forfeiture under this subchapter.

The above statutory section permits the Attorney General to commence civil forfeiture proceedings in one of two ways. First, he may initiate the forfeiture proceeding by following the Supplemental Rule for Certain Admiralty and Maritime Claims. These rules require the Attorney General to file a verified complaint containing specific information with the Clerk of Court. The Clerk may then proceed to issue an *in rem* arrest warrant. Alternatively, the Attorney General may seize the property without a warrant pursuant to one of the four options listed in 21 U.S.C. § 881(b). In the instant case, the Attorney General proceeded by filing a verified complaint and seizing the property pursuant to an arrest warrant issued by the Clerk of Courts.

Will moves to quash the arrest warrant. He also moves to dismiss the government's complaint on grounds that it fails to state a claim for which relief can be granted and that the procedures employed in seizing his real property violated his Fourth Amendment constitutional rights.

■ After reviewing the record, the Court finds that Will's motion to dismiss the government's complaint is frivolous and it is, therefore, DENIED. The government's complaint seeks forfeiture of the West Fifth Avenue premises under § 881(b) because of its use in illegal drug dealings. The record reveals that there was probable cause to issue a warrant for the search of the West Fifth Avenue premises. Moreover, defendant Will pled guilty to violations of Title 21 which occurred at the West Fifth Avenue location. Thus, it is clear that Will's premises is subject to forfeiture under the provisions of § 881(b). Although the Court finds that the government's complaint should not be dismissed, the Court nonetheless has significant reservations regarding the constitutionality of the procedures used and authorized by the statute to seize Will's property.

Will argues that seizure of his real property pursuant to a Clerk's warrant issued

under Rule C violates the Fourth Amendment's proscriptions against issuing a warrant without probable cause. Will directs the Court's attention to a recent district court decision in *Application of Kingsley,* 614 F.Supp. 219, 223 (D.Mass.1985). *Kingsley* involved the seizure of the bank accounts and residence of an unindicted individual under investigation by the Drug Enforcement Administration for potential violations of the federal narcotics laws. The seizure was carried out pursuant to § 881(b). The court found that the procedures authorized by the statute for seizing property pursuant to a Clerk's warrant to be violative of the Fourth Amendment. More specifically, the court held that in § 881 cases, it is necessary for:

"... a magistrate or other detached judicial officer to review the clerk's warrant prior to its issuance to insure it satisfies the Fourth Amendment's requirements of probable cause and particularity."

*Id.* at 223.

■ In considering the claim that seizure of real property pursuant to a Clerk's warrant violates the Fourth Amendment, the Court first notes that the Fourth Amendment applies to the forfeiture provisions of 21 U.S.C. § 881(b) because of the statute's punitive, quasi-judicial nature. *One Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 696, 85 S.Ct. 1246, 1248, 14 L.Ed.2d 170 (1965); *U.S. v. Spetz,* 721 F.2d 1457, 1469–70 (9th Cir.1983); *U.S. v. Hershenow,* 680 F.2d 847, 851 (1st Cir.1982). Thus, the statute must comply with the various procedural requirements imposed by the Fourth Amendment. After reviewing the statute and relevant case law, the Court believes that the procedure authorized by § 881(b) for issuance of a Clerk's warrant runs afoul of minimal Fourth Amendment procedural requirements in several respects.

The Fourth Amendment states, in pertinent part:

The rights of the people to be secure ... against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause ...

The Court first notes that in a long line of cases beginning with *Johnson v. U.S.,* 333 U.S. 10, 13–14, 68 S.Ct. 367, 368–69, 92 L.Ed. 436 the Supreme Court has consistently held that the Warrants Clause of the Fourth Amendment requires that a neutral and detached judicial officer determine whether probable cause exists prior to the issuance of a warrant. *Jones v. U.S.,* 362 U.S. 257, 270–71, 80 S.Ct. 725, 735–36, 4 L.Ed.2d 697 (1960); *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965); *Spinelli v. U.S.,* 393 U.S. 410, 415, 89 S.Ct. 584, 588, 21 L.Ed.2d 637 (1969). However, § 881(b) authorizes the issuance of a warrant by the Clerk of Court solely on the basis of filing of a verified complaint by the Attorney General. The statute imposes no requirement of a determination by a qualified judicial officer of whether there is probable cause for the belief that a connection exists between the property to be seized for forfeiture and the criminal activity covered by Title 21. Without such a determination of probable cause, the Court finds that the procedure authorized by § 881(b) violates the Warrants Clause of the Fourth Amendment. Thus, this Court joins with the district court in *Kingsley* in concluding that the Fourth Amendment requires a determination of probable cause *prior* to the issuance of an *in rem* arrest warrant. Consequently, the warrant issued by the Clerk for the seizure of the Fifth Avenue premises is invalid.

■ Secondly, although not raised in either parties' briefs, the Court questions the constitutionality of the provision of § 881(b) which authorizes the Clerk of Court to issue a warrant. As stated above, the Fourth Amendment requires that a warrant issue only after a determination of probable cause by a neutral and detached judicial officer. The Court is aware of the Supreme Court's decision in *Shadwick v. City of Tampa,* 407 U.S. 345, 350, 92 S.Ct. 2119, 2122, 32 L.Ed.2d 783 (1972) that a municipal court clerk qualifies as a neutral and detached judicial officer for purposes of issuing warrants for violations of munic-

ipal ordinances. However, it is not clear to the Court that a Deputy Clerk of Court possesses the requisite competence and resources to make a probable cause determination that real property may be seized for forfeiture under § 881(b). Absent a showing of such capacity, the Court believes that the Fourth Amendment requires the Attorney General to secure an *in rem* arrest warrant from a magistrate or district court judge.

■■■ Finally, the Court notes that the Fourth Amendment prohibits a judicial officer from issuing a warrant on the basis of conclusory allegations. Rather, sufficient information must be presented to the judicial officer to allow him or her to determine that probable cause exists. *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). However, the statute in question provides for the issuance of a warrant upon filing of a verified complaint by the government. Clearly, more information is required for issuing a warrant than is typically contained in a well pled complaint. Thus, the procedure authorized by § 881(b) is suspect in general. More importantly, in the present case, issuance of the warrant was clearly violative of the Fourth Amendment since the government's complaint did not contain sufficient information to enable a judicial officer to determine probable cause.[3] Accordingly, the Court finds that the warrant issued in this case based solely on the government's complaint was invalid. *Id.* at 239, 103 S.Ct. at 2332; *Nathanson v. U.S.*, 290 U.S. 41, 46–47, 54 S.Ct. 11, 12–13, 78 L.Ed. 159 (1933).

The government argues that notwithstanding the fact that it followed the procedures for seizing the property through use of a Clerk's warrant, it could have bypassed this method and seized the property under one or more of the four exceptions enumerated in § 881(b). More specifically, the government argues that it could have seized the property incident to the search warrant issued on March 1, 1985 or arrest of Jay T. Will under § 881(b)(1). Alternatively, the government maintains that the Attorney General had probable cause to believe that the property had been used in violation of Title 21 and, therefore, the property could have been seized for forfeiture under § 881(b)(4).

■■■ The Court finds no merit to the government's first argument that seizure of the property was valid under § 881(b)(1). This subsection authorizes seizure of property "incident to an arrest or search under a search warrant." § 881(b)(1). The Court believes that this section only authorizes those seizures of property which are closely connected in time and space to the execution of a search warrant or arrest of an individual. Thus, this section authorizes the forfeiture of Will's money which was seized at the time of the execution of the search warrant. The Court does not believe, however, that this section authorizes the seizure of real property, as in this case, several months after a search of the premises conducted pursuant to a valid search warrant. Such a seizure cannot be fairly characterized as "incidental" to a search warrant or arrest. Accordingly, the Court finds that § 881(b) does not apply in this case and may not be relied upon by the government as authority for seizing Will's real property.

■■■ In the alternative, the government maintains that the Attorney General had probable cause to believe that Will's property had been used or associated with illegal drug dealings and, therefore, it could be seized pursuant to § 881(b)(4). The

---

3. The complaint in this case states the following:

7. On or about March 1, 1985, said defendant realty was used or intended to be used to commit or to facilitate the commission of a violation of Title 21 of the United States Code punishable by more than one year's imprisonment.

8. Defendant realty is located within this judicial district and division.

9. The owner of record of defendant realty is Karateco, which was formerly a general partnership ... but which is currently a name under which Jay T. Will does business.

Court does not doubt that the Attorney General had a good faith belief that probable cause existed to seize the property under § 881(b). However, this is not sufficient to effect a seizure under the Fourth Amendment. As the Supreme Court stated in *Agnello v. United States*, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925):

> Belief, however well founded, that an article sought is concealed in a dwelling house furnishes no justification for a search of that place without a warrant. And such searches are held unlawful notwithstanding facts unquestionably showing probable cause.

*Id.* at 33, 46 S.Ct. at 6; *Accord Coolidge v. New Hampshire*, 403 U.S. 443, 451, 91 S.Ct. 2022, 2030, 29 L.Ed.2d 564 (1971). This same notion was articulated by the Supreme Court in *Jones v. United States*, 357 U.S. 493, 497–98, 78 S.Ct. 1253, 1256, 2 L.Ed.2d 1514 when it held that the rights against unlawful search and seizure are to be protected even if the same result might have been achieved in a lawful way. Thus, it is irrelevant whether the Attorney General had probable cause to seize the business; he must still obtain a warrant. This rule applies unless the Attorney General can show that the warrantless seizure of Will's real property was effected under some exception to the Warrants Clause. Thus, the critical issue before the Court is whether this case represents an exception to the Warrants Clause of the Fourth Amendment which would permit the Attorney to seize real property without first securing a warrant.

Will maintains that absent the dual prerequisites of contemporaneous probable cause and exigent circumstances, the Fourth Amendment requires the Attorney General to secure a warrant prior to seizing his property notwithstanding provisions of § 881(b)(4) to the contrary. *See Kings-*

ley, supra at 222. The government argues that this Circuit and the majority of other circuits which have considered 21 U.S.C. § 881(b)(4) have not required exigent circumstances but have upheld warrantless seizure of property by the Attorney General based upon probable cause. In support of its position, the government cites to several opinions which hold that the Attorney General may seize property as long as he has probable cause. *See United States v. Steele*, 727 F.2d 580, 588 (6th Cir.), *cert. denied, United States v. Scarborough*, 467 U.S. 1209, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984); *United States v. One 1978 Mercedes Benz*, 711 F.2d 1297, 1302 (5th Cir.1983); *United States v. One 1977 Lincoln Mark V Coupe*, 643 F.2d 154, 158 (3rd Cir.), *cert. denied*, 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981); *United States v. Bush*, 647 F.2d 357, 368 (3rd Cir.1981); *United States v. Kemp*, 690 F.2d 397, 401–02 (4th Cir.1982).

The Court believes that the government's reliance on the above cases is misplaced. The Court finds the above authority, all of which involve seizure of automobiles, inapplicable to the present situation involving the seizure of commercial real property. *See United States v. Certain Real Estate Property*, 612 F.Supp. 1492, 1498 (S.D.Fla.1985). As has been repeatedly stated by the courts, automobiles are inherently mobile and are open to the public view. Thus, there are more exigencies which necessitate prompt seizure of an automobile and, at the same time, reduced expectations of privacy. In contrast, there are significantly fewer exigencies requiring the prompt seizure of commercial real property[4] and, more importantly, substantially heightened individual privacy interests associated with a business. *G.M. Leasing Corp. v. U.S.*, 429 U.S. 338, 353, 97 S.Ct. 619, 629, 50 L.Ed.2d 530 (1976); *See v. City of Seattle*, 387 U.S. 541,

---

4. The Court acknowledges that there may be some exigent circumstances which merit a warrantless seizure of real property but it believes these circumstances are limited to situations involving an imminent physical threat to the property. The Court does not believe that potential or threatened legal conveyances are grounds for effecting a warrantless seizure of real property since the government possesses a sufficient legal arsenal to prevent such transfer, i.e., it may file a notice of *lis pendens* or may seek injunctive relief from the Court to prevent a conveyance.

543, 87 S.Ct. 1737, 1739, 18 L.Ed.2d 943 (1966); *Go-Bart Co. v. U.S.*, 282 U.S. 344, 356–58, 51 S.Ct. 153, 157–58, 75 L.Ed. 374 (1931). Because of the substantial nature of these privacy interests, the Supreme Court has consistently held that any search or seizure of a business for purposes outside the nature of the business, its license or regulation of its activities, is presumptively unreasonable unless authorized by a valid search warrant. *G.M. Leasing, supra*, 429 U.S. at 354, 358, 97 S.Ct. at 629, 631; *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523, 528–29, 87 S.Ct. 1727, 1730–31, 18 L.Ed.2d 930 (1967). Thus, based on this authority, the Court rejects the governments contention that the Attorney General may seize real property without procuring a warrant.

Absent exigent circumstances, the Court concludes that seizure of real property under § 881(b)(4) without a warrant constitutes an unreasonable seizure of property in violation of the commands of the Fourth Amendment. In the present case, the government has failed to establish the existence of any exigent circumstances which would justify the warrantless seizure of the West Fifth Avenue real property. Consequently, the Court finds that seizure of Will's real property under § 881(b)(4) was in violation of the Fourth Amendment.

Although the Court is always leary of placing additional procedural requirements upon law enforcement authorities, the Court believes that requiring the Attorney General to secure a warrant prior to seizing a home or business represents a minimal burden, particularly in light of the substantial privacy interests infringed by the warrantless seizure of a home or business. The Court believes a determination of probable cause by a neutral and detached judicial officer will protect these privacy interests by minimizing the chance of erroneously seizing real property. Furthermore, a determination of probable cause by a qualified judicial officer will protect the interests of third persons in forfeitable property by ensuring that the seizure is proper in scope, *e.g.*, seizing multiple units of a commercial building when only one was used in connection with a Title 21 violation. The Court notes that its concerns of over-reaching seizures under the statute are far from illusory. A recent report by the Marshals Service indicates that post-seizure investigations have revealed instances where the interests of the criminal in the seized assets was "minimal or non-existent." 38 Cr.L. 2296 (January 15, 1986).

Given the above discussion, it is clear that Will's property was seized in violation of the Fourth Amendment's proscriptions against unreasonable search and seizures and issuing warrants without probable cause. Whereas Will has moved to quash the *in rem* arrest warrant and the Court has concluded that the warrant was issued in violation of the Fourth Amendment, the Court finds that Will's motion is meritorious and it is, therefore, GRANTED. However, as the government points out, its complaint is still pending before the Court. The government further argues that there is sufficient evidence before the Court to conclude that there is probable cause to seize the West Fifth Avenue premises. The Court agrees. The record before the Court clearly indicates that transactions involving cocaine were conducted at the West Fifth premises. *See United States v. Jay T. Will, supra* at pp. 5–8. Thus, the Court concludes that there is probable cause to seize the West Fifth premises for forfeiture pursuant to § 881. Accordingly, the Court DIRECTS the Clerk of Court to reissue the *in rem* arrest warrant for the West Fifth Avenue premises. The Court notes that the consequence of this Opinion and Order is that the government will be able to retain possession of the West Fifth Avenue premises. However, the Agreement executed between Jay T. Will and the government on May 29, 1985 concerning the allocations of costs and profits associated with the premises is VOID as it represents the fruit of an illegal seizure. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

WHEREUPON, upon consideration and being duly advised, the Court finds that claimant Will's motion to dismiss the complaint is without merit and it is, therefore DENIED. The Court further finds that Will's motion to quash is meritorious and it is, therefore, GRANTED. However, whereas the record indicates that there is probable cause to seize Will's premises pursuant to 21 U.S.C. § 881, the Court hereby DIRECTS the Clerk of Court to reissue an *in rem* arrest warrant for the West Fifth Avenue premises herein described.

IT IS SO ORDERED.