UNITED STATES of America, Plaintiff,

v.

REAL PROPERTY LOCATED AT 25231 MAMMOTH CIRCLE, EL TORO, CALIFORNIA; 26031 Nellie Gail Road, Laguna Niguel, California; and 25652 Nellie Gail Road, Laguna Niguel, California, Defendants.

Rosalba Serrano, Daniel Serrano and Hernando Serrano, Claimants.

Nos. CV 86–485, CV 86–486 and CV 86–487.

United States District Court, C.D. California.

May 12, 1987.

---

Carolyn M. Reynolds, Asst. U.S. Atty., Asst. Chief, Civil Div., Los Angeles, Cal., for plaintiff.

Paul L. Gabbert, Santa Monica, Cal., for claimants.

## OPINION AND ORDER

HATTER, District Judge.

### Background

These three consolidated actions against real property were filed pursuant to Section 881(a)(6) of Title 21 of the United States Code. The complaint alleged that the properties were purchased with proceeds from drug sales. The Serranos moved for dismissal under Rule 12(c) and (h)(2) of the Federal Rules of Civil Procedure, asserting that Section 881 violates the Fourth Amendment of the Constitution because it does not require a finding of probable cause by a judicial officer before a warrant is issued to seize real property. Whether the seizure was constitutionally invalid or not, dismissal is not warranted under either section of Rule 12.

### Government's Position

The government asserts that Fourth Amendment requirements applicable to criminal proceedings do not apply to civil forfeiture proceedings since the Fourth Amendment protects people, not places. *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967). "It is the property which is proceeded against ... and condemned.... In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted and punished. The forfeiture is no part of the punishment for the criminal offense." *Various Items v. United States*, 282 U.S. 577, 581, 51 S.Ct. 282, 284, 75 L.Ed. 558 (1950). The government also relies upon *Founding Church of Scientology v. United States*, 409 F.2d 1146 (D.C.Cir.1969), which states: "Though warrants are generally necessary for arrests of persons and for searches, the warrant requirement has not traditionally been imposed upon seizures of ... property in ... civil proceedings."

Finally, the government asserts that, since the property is forfeited at the time the crime is committed, the claimants lack the requisite expectation of privacy in order to have standing to challenge the constitutionality of Section 881.

### Serranos' Position

The claimants assert that the Fourth Amendment is not limited to civil or criminal matters. *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 312, 98 S.Ct. 1816, 1820, 56 L.Ed.2d 305 (1978). Further, the government should not rely upon *Scientology* because it was criticized and not followed by the Ninth Circuit in *United States v. Device Labeled Theramatic*, 641 F.2d 1289, 1295 n. 11 (9th Cir.1981). In *Device Labeled Theramatic*, the District Judge reviewed the complaint and ordered the warrant to issue.

Basically, the claimants argue that the Fourth Amendment protects personal expectations of privacy and security in one's house, papers and effects and asks whether the government is contending that our houses are not protected from illegal seizures when the purpose is to forfeit the house to the government.

### Discussion

Fourth Amendment rights apply to forfeiture statutes. "Forfeiture statutes are deemed criminal for the purpose of protecting rights secured by the Fourth and Fifth Amendments (*Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886)), but they are predominantly civil." *United States v. One 1970 Pontiac GTO*, 529 F.2d 65, 66 (9th Cir.1976).

The question of whether a finding of probable cause is required before a warrant may issue in forfeiture cases appears to be one of first impression for this circuit. However, there are cases that establish

that a finding of probable cause is clearly a requirement of forfeiture. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 447 (9th Cir.1983); *United States v. One Twin Engine Beech Airplane,* 533 F.2d 1106, 1107 (9th Cir.1976).

However, the establishment of probable cause has not necessarily occurred before the warrant issued. In *One 1977 Mercedes Benz,* the seizure was warrantless. In *One Twin Engine Beech Airplane,* apparently there was no warrant issued, however, the Court noted: "On these facts, we doubt that any magistrate in the United States would refuse either an arrest warrant or a search warrant. There was probable cause...." *One Twin Engine Beech Airplane,* 533 F.2d at 1109.

Of course, both *One 1977 Mercedes Benz* and *One Twin Engine Beech Airplane* involved items that could easily be moved, therefore, under exigent circumstances, they would be exempt from the warrant requirement. However, it is difficult to imagine such exigent circumstances applying to real property. *See, United States v. Certain Real Estate Property,* 612 F.Supp. 1492, 1498 (S.D.Fla.1985).

Further, *United States v. Device Labeled Theramatic,* 641 F.2d 1289, 1295 n. 11 (9th Cir.1981), suggests that a warrant should issue only upon a finding of probable cause by a judicial officer and that a warrant is required before seizing property. Several other courts have reached a similar conclusion.

> [A] magistrate or other detached judicial officer [must] review the clerk's warrant prior to its issuance to insure it satisfies the Fourth Amendment's requirements of probable cause and particularity.

*Application of Kingsley,* 614 F.Supp. 219, 223 (D.Mass.1985). On appeal, the First Circuit did not address that issue, stating, "[T]he merits of Kingsley's numerous statutory and constitutional arguments raised below are not before us...." *Application of Kingsley,* 802 F.2d 571, 578 (1st Cir. 1986)

In *United States v. $128,035.00 in U.S. Currency,* 628 F.Supp. 668 (S.D.Ohio 1986) the court found that, to the extent that 21 U.S.C. § 881 authorizes seizure of property without a warrant issued by a judicial officer, it is unconstitutional.

■ The Fourth Amendment applies to forfeiture provisions of 21 U.S.C. § 881 because of the statute's punitive, quasi-judicial nature. *One Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 696, 85 S.Ct. 1246, 1248, 14 L.Ed.2d 170 (1965); *U.S. v. Spetz,* 721 F.2d 1457, 1469–70 (9th Cir. 1983). Therefore, the statute must comply with the procedural requirements imposed by the Fourth Amendment.

The Fourth Amendment requires that a neutral and detached judicial officer must determine that probable cause exists before a warrant may issue. The Supreme Court's decision in *Shadwick v. City of Tampa,* 407 U.S. 345, 350, 92 S.Ct. 2119, 2122, 32 L.Ed.2d 783 (1972), notwithstanding, it has not been established that a Deputy Clerk of Court possesses the requisite competence and resources to make a determination that probable cause exists to permit real property to be seized for forfeiture under section 881. Until that is established, the Fourth Amendment requires the government to secure an *in rem* arrest warrant from a magistrate or judge.

Finally, even if a clerk were considered to be a judicial officer for purposes of issuing warrants under section 881, the Fourth Amendment prohibits a judicial officer from issuing a warrant on the basis of conclusory allegations. *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 2333, 76 L.Ed.2d 527 (1983). Even the best pled complaint rarely contains sufficient information to permit the issuance of a warrant. In the case at bar, issuance of the warrants clearly violated the Fourth Amendment since the government's complaint did not contain sufficient information to determine probable cause.

■ The warrants issued in this case were invalid because (1) probable cause was not established since they were issued solely on the government's complaint, and (2) they were not issued by a detached and neutral judicial officer.

Therefore, IT IS ORDERED that the *in rem* warrants issued by the clerk be and, hereby, are quashed.