UNITED STATES of America, Plaintiff,

v.

PREMISES KNOWN AS LOT #13, 232 UNION STREET, ROCKY MOUNT, NORTH CAROLINA, etc., Defendant.

No. 86–672–CIV–5.

United States District Court, E.D. North Carolina, Raleigh Division.

Oct. 28, 1987.

Stephen A. West, Asst. U.S. Atty., Raleigh, N.C., for U.S.

Roosevelt Edwards, Bunn, N.C., pro se.

Don Evans, Rocky Mount, N.C., for Citizens Sav. & Loan Ass'n.

C. Ray Joyner, Rocky Mount, N.C., for C.H. Powell and wife, Hazel H. Powell.

Earl Whitted, Jr., Goldsboro, N.C., for Roosevelt Edwards & Maggie Edwards.

### ORDER

BRITT, Chief Judge.

This action is before the court on the motion of the claimant Roosevelt Edwards to set aside the consent order entered on April 1, 1987. On February 5, 1987, the court set aside an earlier consent order and judgment of forfeiture entered on September 18, 1986 as having been improvidently entered. Subsequent to the February 5 order, neither claimant nor his counsel filed

answer as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims; consequently, his default was again entered on February 26, 1987. The action was thereupon concluded with the entry of a second consent order among all parties properly appearing in the action that was approved by the court on April 1, 1987.

 In his attack on the judgment, claimant asserts that he was without knowledge that his lawyer had failed to file answer as required. This assertion does not entitle claimant to relief. His privately retained counsel was clearly on notice as demonstrated by his motion to set aside the earlier default that filing of an answer was required; claimant "can not now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash Railroad Company,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).

Claimant also asserts that the consent judgment should be set aside because the ex parte issuance of a warrant and seizure of property as permitted by Rule C(6) is unconstitutional. This argument is a serious one that numerous courts have determined in claimants' favor. *United States v. Real Property Located at 25231 Mammoth Circle, El Toro, California,* 659 F.Supp. 925, 927 (C.D. Cal. 1987); *United States v. 124 East North Avenue, Lake Forest, Illinois,* 651 F.Supp. 1350 (N.D. Ill. 1987); *United States v. Life Insurance Co. of Virginia,* 647 F.Supp. 732, 741–42 (W.D. N.C. 1986). However, the facts here do not support an attack on the facial constitutionality of the statute. Because of early concerns about the constitutionality of this provision, the clerk of this court has consistently declined to issue warrants pursuant to Rule C(6) without judicial scrutiny of the complaint and a determination that the warrant should issue. Thus this file reflects that the complaint in this action was referred to the undersigned on June 17, 1986, and that on June 19, 1986 an order was entered directing issuance of the warrant. Clearly the warrant was issued in a constitutionally appropriate manner in this case. Thus a challenge to the constitutionality of procedures authorized by Rule C(6) but not followed in this action is not appropriately made.

For the foregoing reasons, the motion for relief from judgment or order is denied.