UNITED STATES of America, Plaintiff,

v.

$150,000 IN CURRENCY, Defendant,

Learley Goodwin, Sr. and Mildred B. Goodwin, Claimants.

Civ. A. No. 87–1226–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

June 7, 1988.

Dennis E. Szybala, Asst. U.S. Atty., Alexandria, Va., for plaintiff.

Nina J. Ginsberg, Zwerling, Mark, Ginsberg & Lieberman, P.C., Alexandria, Va., for claimants.

## ORDER

ELLIS, District Judge.

■ This 21 U.S.C. § 881 forfeiture action[1] presents a novel evidentiary and order of trial issue. The government wishes to present inadmissible hearsay evidence to carry its burden of showing probable cause for forfeiture. 19 U.S.C. § 1615; 21 U.S.C. § 881(a)(6). The existence of probable cause is a predicate issue for the Court, and hearsay evidence is routinely admissible on this issue. 19 U.S.C. § 1615; *see also, e.g., United States v. Single Family Residence and Real Property*, 803 F.2d 625, 629 n. 2 (11th Cir.1986); *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1434 (9th Cir.1985); *United States v. 1964 Beechcraft Baron Aircraft*, 691 F.2d 725, 728 (5th Cir.1982), *cert. denied*, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983). Because bench trials are typical in forfeiture cases, evidence on probable cause is presented to the factfinder at the same time as evidence on the merits of forfeiture. In this instance, however, claimants have requested a jury trial on the issue of whether they are innocent owners of the currency. Predictably, claimants ask the court to conduct a probable cause hearing outside the presence of the jury to avoid infecting the jury with inadmissible hearsay relating to probable cause.

In opposition to claimants' motion, the government cites *Clifton v. United States*, 45 U.S. (4 How.) 242, 11 L.Ed. 957 (1846), as support for the proposition that the jury may hear evidence concerning probable cause for forfeiture. The government's reliance is misplaced. That case did not decide the issue presented here. It did not specifically deal with the proper procedure to follow where, as here, the government's probable cause showing involves inadmissible hearsay. Quite apart from the absence of authority, the government has offered no reason in principle for allowing inadmis-

sible hearsay to reach the jury in the forfeiture context. In this respect, there is no reason to distinguish a civil forfeiture proceeding from any other civil proceeding. Absent an exception under Rules 803 or 804, Fed.R.Evid., hearsay is not admissible for the truth of the matters asserted. Fed. R.Evid. 801(c), 802. Nor would a curative instruction be sufficient to dispel any prejudice to claimants flowing from the admission of hearsay. To conclude otherwise would be to create a new rule that hearsay is admissible if accompanied by a curative instruction. No such rule exists.

Accordingly, the issue of probable cause for forfeiture will be heard by the Court prior to the jury trial on the issue of whether claimants are innocent owners of the seized property. The Federal Rules of Evidence will govern both proceedings. But the Court does not rule at this time on the admissibility of particular statements, as admissibility questions will not be squarely raised until trial.

■ Claimants also ask the Court to exclude at trial all evidence seized during a search conducted on August 13, 1987 on the ground that the search was not supported by probable cause. The Court agrees with claimants that the Fourth Amendment applies in the forfeiture context. *See United States v. Real Property Located at 25231 Mammoth Circle*, 659 F.Supp. 925, 927 (C.D.Cal.1987); *United States v. Life Ins. Co. of Virginia*, 647 F.Supp. 732, 741–42 (W.D.N.C.1986); *United States v. $128,035 in Currency*, 628 F.Supp. 668, 672–73 (S.D.Ohio), *appeal dismissed*, 806 F.2d 262 (6th Cir.1986). Therefore, a hearing regarding the existence of probable cause to search is warranted. Claimants' motion will be held in abeyance pending a hearing on this issue. The hearing on probable cause to search will be combined with the hearing on the issue of whether there is probable cause for forfei-

1. This forfeiture action arose out of a Drug Enforcement Agency undercover investigation which led ultimately to convictions for conspiracy to distribute cocaine and possession with intent to distribute cocaine. In addition to the convictions, the investigation led to the issuance of a search warrant directed to a Fredericks-

burg, Virginia home titled in the names of the father and mother of one of the convicted drug traffickers. In the course of executing that warrant, a safe was located containing $150,000. It is the ownership of this money that is contested in this forfeiture proceeding.

ture under 19 U.S.C. § 1615.[2] The Court does not yet reach the issue of the proper remedy to be applied should the Court find that probable cause to search was lacking. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 702, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965) (exclusionary rule applies in state forfeiture proceeding); *United States v. Life Ins. Co. of Virginia*, 647 F.Supp. 732, 742 (because seizures violated the Fourth Amendment, claimants were entitled to recover their property); *In re Application of Kingsley*, 614 F.Supp. 219, 224 (D.Mass.1985) (exclusion, civil suit against federal agents and return of property are possible remedies), *appeal dismissed*, 802 F.2d 571 (1st Cir.1986); *United States v. United States Currency Amounting to the Sum of $30,800*, 555 F.Supp. 280, 283 n. 2 (E.D.N.Y.1983) (exclusionary rule does not apply where forfeiture is less severe than criminal penalty), *aff'd*, 742 F.2d 1444 (2d Cir.1983).

This matter also came before the Court on claimants' motion in limine regarding statements of the confidential informant and claimants' appeal from the Magistrate's order of June 1, 1988, and the government's motion to quash the subpoena issued to the Drug Enforcement Administration. For the reasons stated from the bench, it is hereby ORDERED:

1) That claimants' motion in limine regarding statements of the confidential informant is denied.

2) That the Magistrate's Order is affirmed.

3) That the government's motion is granted.

---

**2.** Hearsay is admissible on the Fourth Amendment issue as well as the probable cause for forfeiture issue. *See Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960), *overruled on other grounds, United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).