**UNITED STATES of America, Plaintiff,**

**v.**

**A PARCEL OF REAL PROPERTY COMMONLY KNOWN AS: 3400–3410 WEST 16th STREET, CHICAGO, ILLINOIS, Defendant,**

**James Grooms, Claimant.**

**No. 85 C 10238.**

United States District Court,
N.D. Illinois, E.D.

April 16, 1986.

Robert T. Gruenberg, Asst. U.S. Atty. Chicago, Ill., for plaintiff.

James Groom, Chicago, pro se.

Adam Bourgeois, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is a civil forfeiture action *in rem* initiated against a parcel of real property by the United States pursuant to an amendment to the Comprehensive Crime Control Act of 1984. 21 U.S.C. § 881(a)(7) (1984). The owner of the property at issue, claimant James Grooms, has filed under Fed.R. Civ.P. 12(b)(6) a motion to dismiss the government's forfeiture complaint for failure to state a claim upon which relief can be granted. For the following reasons, claimant's motion to dismiss is denied.

### FACTS

On December 10, 1985, the United States filed a verified complaint seeking the forfeiture of a building located at 3400–10 West 16th Street in Chicago. The complaint was brought under 21 U.S.C. § 881(a)(7), which allows for the forfeiture of any real property "used or intended to be used, in any manner or part, to commit,

or to facilitate the commission of" a federal felony narcotics violation.[1]

The complaint, verified by a Chicago police officer, alleges that cocaine or heroin were regularly sold and used at the defendant property, in violation of 18 U.S.C. § 841. The complaint further alleges that since October 1984 hypodermic syringes have been dispensed in the defendant building to facilitate the distribution of the controlled substances. Finally, the complaint lists thirteen dates between March 1984 and May 1985 when the Chicago Police Department seized quantities of heroin and cocaine on the defendant property.

Along with the complaint, the United States filed an emergency *ex parte* motion seeking a court order to permit United States Marshals to seize, inspect and secure the defendant property. The motion was granted that day by Judge Bua, acting as emergency judge. Upon issuance of the warrant for seizure, the Marshals seized the defendant property on December 10, 1985, by forced entry. The facts regarding the forced entry by the United States Marshals and the subsequent seizure procedures are apparently in dispute. Grooms alleges that the U.S. Marshals destroyed or damaged much of the building's contents, tore rugs from the floor and evicted the building's tenants, dumping their belongings on the floor. The government claims entry and seizure were carried out with minimal damage to the property and that the tenants were permitted to remove their personal effects from the building. The government also claims that the Marshals found that the building was in very poor condition, but secured all possible entrance ways and removed the building's contents to a storage company. The United States does not allege that any contraband was discovered in the building when it was seized and inspected.

Claimant Grooms now seeks the immediate return of the defendant property while this case is pending, claiming that his business has been disrupted by the government seizure and that the property is being wasted as long as no rents are being collected. Additionally, claimant moves to dismiss the complaint, arguing that the seizure violated the Fourth and Fifth Amendments of the United States Constitution, and that the complaint fails to allege enough facts regarding probable cause.

## DISCUSSION

As with any motion to dismiss under Fed.R.Civ.P. 12(b)(6), we construe all facts in a light most favorable to the plaintiff. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 197 (7th Cir.1985). The complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The procedure by which the United States may seize property under Title 21 reads in pertinent part:

Any property subject to civil or criminal forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime claims by any district court of the United States having jurisdiction over the property, except that seizure without process may be made when—

(4) the Attorney General has probable cause to believe that the property is sub-

1. 21 U.S.C. § 881(a)(7) provides:
(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
    \*    \*    \*    \*    \*    \*
(7) All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

ject to civil or criminal forfeiture under this subchapter.

21 U.S.C. § 881(b)(4).

The Supplemental Rules for Admiralty and Maritime, referred to in § 881(b), describe the procedure to be followed for forfeiture for federal statutory violations. Rule C of the Admiralty and Maritime Rules sets out the procedure for actions *in rem*. In particular, Rule C(2) requires that the forfeiture complaint be verified. Rule C(3) provides in pertinent part:

upon the filing of the complaint the clerk shall forthwith issue a warrant for the arrest of the vessel or the property that is the subject of the action.

[On August 1, 1985, the following provision was added to Rule C(3)]:

*Except in actions by the United States for forfeitures for federal statutory violations,* the verified complaint and any supporting papers shall be reviewed by the court and, if the conditions for an action in rem appear to exist, an order so stating and authorizing a warrant for the arrest of the vessel or other property that is the subject of the action shall issue and be delivered to the clerk who shall prepare the warrant and deliver it to the marshal for service.

Fed.R.Civ.P., Supp. Rule C(3) (emphasis added).

■ Thus, in a case of real property forfeiture, the Attorney General may initiate a civil forfeiture by following Admiralty and Maritime Rule C or the Attorney General may proceed under 21 U.S.C. § 881(b)(4) where the Attorney General has probable cause to believe the property is subject to civil or criminal forfeiture under Title 21. Under either procedure, pre-seizure judicial review of the government's claim does not appear to be required and is expressly exempted under new Rule C(3).

Claimant Grooms challenges the seizure process in this case, claiming violation of the due process clause of the Fifth Amendment and the warrant clause of the Fourth Amendment because seizure was not authorized by a magistrate or a judge and because government agents destroyed

building property during the seizure process. Grooms focusses on two recent district court cases which have found, respectively, that the seizure procedure runs afoul of the Fourth Amendment's warrant clause and the Fifth Amendment's due process clause. *See Application of Kingsley,* 614 F.Supp. 219, 223 (D.Mass.1985) and *United States v. Certain Real Estate Property Located at 4880 S.E. Dixie Highway,* 612 F.Supp. 1492, 1497 (S.D.Fla.1985). Additionally, in a criminal case the Eleventh Circuit has recently upheld a grant of a motion to suppress certain evidence which was seized in the course of an inventory search conducted in the execution of a warrant of seizure in § 881(b) forfeiture case. *United States v. Ladson,* 774 F.2d 436, 440 (11th Cir.1985).

■ Fortunately, in this case we need not deal with constitutionality of 21 U.S.C. § 881(b) or Admiralty and Maritime Rule C(3) because the government took sufficient precautionary steps to avoid the constitutional challenges raised in the *Kingsley* and *Certain Real Estate Property* cases. Claimant Grooms erroneously alleges that seizure of the West 16th Street building was not authorized by a magistrate or a judge when in fact an order by emergency judge Bua was issued on December 10, 1985, authorizing entry and inspection of the seized property, based upon review of the verified complaint and supporting materials. At the time the *ex parte* motion for the final judicial order to seize and inspect was filed, the United States advised the Court of the recent district court holdings and the Eleventh Circuit decision which conflict with Rule C(3) and that it was seeking preliminary judicial review to obviate any constitutional defect in the statutory procedure. In this case, the United States has met the minimum *ex parte* pre-seizure judicial review required by the district court in *Certain Real Estate Property,* 612 F.Supp. at 1497. In light of these extra-statutory steps taken by the United States to obtain pre-seizure judicial review of the government's forfeiture claim, we need not consider claimant's fa-

cial challenge to § 881 or the government's arguments in defense of the existing statutory forfeiture procedures.

▆▆▆ In his reply, Grooms does not argue that Judge Bua's order fails to cure the alleged constitutional defect in the statutory scheme. Rather, he alleges that the government exceeded the scope of the order by running amok through the building, wantonly destroying much of the property. The claim of destruction of building contents during the course of the seizure goes to issues of reasonableness of the execution of the warrant and the seizure itself, but not to validity of the order of seizure in the first place. On a motion to dismiss for failure to state a claim, we can consider only the factual allegations of the complaint. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir.1985). Groom's claim of excessive force and destruction in executing a seizure and inspection warrant cannot form the basis for a dismissal of the government's complaint.[2]

Apart from the constitutional challenge to the government's seizure process, Grooms contends that the complaint fails to allege sufficient facts to establish probable cause to believe that federal narcotics violations occurred. As part of the lack of probable cause argument, Grooms also contends that there are no facts or allegations in the complaint which connect Grooms with the numerous narcotics seizures made by Chicago police on the defendant property in the last year and one-half. In his motion to dismiss, Grooms denies any knowledge or consent to the narcotics transactions set out in the government's complaint, although he submits no affidavit to that effect.

▆▆▆ We agree with the government that lack of knowledge or consent by the property owner is a *defense* in a forfeiture proceeding and thus is not an essential element of the government's case. Section 881(a)(7) of Title 21 sets out the basic ele-

ments necessary for the government's forfeiture claim and then states: "except that no property shall be forfeited under this paragraph to the extent of an interest of an owner, by reason of any act or omission *established by that owner* to have been committed or omitted without the knowledge or consent of that owner." (Emphasis added). The plain meaning of this last clause of § 881(a)(7) clearly places the burden on the property owner to come forward at the forfeiture trial to prove his "ignorance" defense. *See United States of America v. All Monies and Other Property in any and all Accounts and Certificates in the Names of Banco Cafetero Int'l, et al.*, 608 F.Supp. 1394, 1405 (S.D.N. Y.1985). As in any typical civil action, such a defense need not be anticipated in the complaint.

▆▆▆ The complaint need not connect Grooms to the various narcotics transactions listed in the complaint in order to establish probable cause for initiation of the complaint and seizure of the property under 21 U.S.C. § 881(a)(7). The government need only allege sufficient facts tending to support the statutory requirement that the property "is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment." 21 U.S.C. § 881(a)(7). While the probable cause which the government must show at trial is "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion," *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980); *Banco Cafetero*, 608 F.Supp. at 1404, for purposes of the complaint the allegations need only set forth a reasonable basis for believing that the property is subject to forfeiture under § 881(b). *See Banco Cafetero*, 608 F.Supp. at 1405; *cf. United States v. Certain Real Estate Property Located at 4880 S.E. Dix-*

---

**2.** At this point, given the factual dispute, we need not decide whether this conduct, if eventually proved true, warrants dismissal or merely creates grounds for a lawsuit by Grooms or

warrants some other remedy. *See Kingsley,* 614 F.Supp. at 223. However, if the government did commit the alleged destruction, Grooms should ultimately receive some form of relief.

*ie Highway*, 612 F.Supp. 1492, 1497 (S.D. Fla.1985). The complaint in this case is sufficiently particular regarding the dates and quantities of cocaine and heroin confiscated by Chicago police at 1300–10 West 16th Street to reasonably support the government's claim that the defendant property was regularly being used to further federal narcotics felonies and that it was therefore forfeitable under § 881(b).

■ Finally, Grooms argues that the complaint should be dismissed because the verification does not allege specific facts to support the verification as required by Fed. R.Civ.P. Supp. Rule C(2). Grooms does not offer any authority for his assertion of deficient verification, and Rule C(2) does not elaborate on the form of verification required.

The government's verification was signed by a Chicago police officer who attested that the facts and allegations were true based on his knowledge and belief after investigation of the factual allegations contained in the complaint. In *Banco Cafetero*, the district court rejected a similar challenge, finding acceptable a verification based on both personal knowledge and information and belief. *Banco Cafetero*, 608 F.Supp. at 1400. The purpose and design of the verification pleadings is "to insure that the person responsibly investigated the allegations and found them to have substance." *Id.* The government's verification of its complaint satisfies these standards.

For the reasons given, the motion to dismiss is denied. It is so ordered.