UNITED STATES of America, Plaintiff,

v.

**124 EAST NORTH AVENUE, LAKE FOREST, ILLINOIS, a Parcel of Real Property and all Improvements and Appurtenances thereto, Defendant,**

**Felix and Jean Ambrose, Claimants.**

No. 86 C 1352.

United States District Court,
N.D. Illinois, E.D.

Jan. 27, 1987.

Anton R. Valukas, U.S. Atty. by Thomas P. Walsh, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Max E. Sherman, Chicago, Ill., for claimants Felix and Jean Ambrose.

John D. Lein, Thomas J. Magill and Scott W. Ammarell, Wilson & McIlvaine, Chicago, Ill., for claimant First Nat. Bank of Lake Forest.

Joseph S. Balsamo, Lake Forest, Ill., for claimant James S. Fouts.

## ORDER

BUA, District Judge.

The matter before this court concerns claimants' motions to dismiss and for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6) and 56. For the reasons stated herein, claimants' motions to dismiss are denied and claimants' motions for summary judgment are granted in part and denied in part.

## I. FACTS

This case involves a civil forfeiture action under 21 U.S.C. § 881(b) instituted by the United States to seize a home in Lake Forest, Illinois held in a land trust for the benefit of Felix and Jean Ambrose. On February 27, 1986, the United States filed a

verified complaint seeking the forfeiture of property located at 124 East North Avenue in Lake Forest, Illinois. At or about the time the complaint was filed, Deputy Clerk E. Harold Dinger issued a warrant of seizure and monition to the United States Marshal pursuant to 21 U.S.C. § 881(b)(4). The complaint was brought under 21 U.S.C. § 881(a)(7), which allows forfeiture of any real property "used or intended to be used, in any manner or part to commit, or to facilitate the commission of [a federal felony narcotics violation.]"[1]

The complaint, verified by a special agent of the Drug Enforcement Administration, alleges that Felix Ambrose used the defendant property to negotiate the sale and delivery of cocaine between August 1, 1985 and January 30, 1986. The complaint alleges the following manners in which the house was used to facilitate the sale and delivery of cocaine during the stated time period: Ambrose used a telephone located on the defendant property to make calls regarding the sale of cocaine; Ambrose utilized an electronic paging device to be contacted at the defendant property regarding cocaine sale; Ambrose would be contacted only at a phone on defendant property regarding the sale of cocaine; and Ambrose arranged to utilize the defendant property as a location for the delivery of approximately five kilograms of cocaine.

## II. DISCUSSION

Claimant Felix Ambrose first motions to dismiss the complaint for failing to allege sufficient facts to establish probable cause for issuance of the warrant. Felix Ambrose also motions under Rule 56 for this court to strike 21 U.S.C. § 881(b)(4) unconstitutional as applied to the facts in this case. Claimant Jean Ambrose, the wife of Felix Ambrose, seeks to dismiss the government's complaint as it relates to her interest in the defendant property as she holds an interest in the land trust as a joint tenant. Claimant First National Bank of Lake Forest motions for summary judgment claiming to hold a superior interest in the property to the government's warrant of seizure. Similarly, claimant James F. Fouts asserts he holds a prior lien on the defendant property and is entitled to a determination of priority against the government. Claimants' motions will be addressed in turn.

Perhaps the best starting point for analyzing claimants' motions is a review of the forfeiture proceedings currently in question. Title 21 U.S.C. § 881(b) reads in relevant part:

> Any property subject to civil or criminal forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime claims by any district court of the United States having jurisdiction over the property, except that seizure without process may be made when—
>
> (4) the Attorney General has probable cause to believe that the property is subject to civil or criminal forfeiture under this subchapter.

The Admiralty and Maritime Rules referred to above require that the forfeiture complaint be verified and that the verified complaint together with any supporting papers be reviewed by a district court to determine whether probable cause for the action *in rem* exists. Fed.R.Civ.P.Supp. Rules C(2), (3). If the court finds probable cause, an order will issue authorizing a warrant for the seizure of the property,

---

1. 21 U.S.C. § 881(a)(7) provides:

 (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

 \* ·\* \* \* \* \*

 (7) all real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, land which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

and the clerk of the court will prepare a warrant for service by the Marshal. Fed. R.Civ.P.Supp.Rule C(3). Rules requiring preseizure judicial hearings, however, do not apply to actions by the United States for forfeitures based on federal statutory violations. *Id.* In forfeiture suits by the United States, the rules authorize the clerk of the court to issue a warrant for seizure solely upon filing the verified complaint. Fed.R.Civ.P.Supp.Rule C(3).

 Reading the Admiralty and Maritime Rules together with § 21 U.S.C. § 881(b) makes clear that two paths are available for securing a warrant of seizure for real estate allegedly used to facilitate violations of federal narcotics laws. The United States can initiate a civil forfeiture by following Admiralty and Maritime Rule C or proceed under 21 U.S.C. § 881(b)(4) where the government has probable cause to believe the property is forfeitable under § 881(a)(7). Regardless of which procedure is exercised by the government, preseizure judicial review is not required and is expressly exempted under Admiralty and Maritime Rule C(3). *United States v. A Parcel of Real Property*, 636 F.Supp. 142, 145 (N.D.Ill.1986) (preseizure judicial review does not appear necessary under 21 U.S.C. § 881(b) or Admiralty and Maritime Rule C(3)).

 Felix Ambrose first attacks the government's complaint arguing that insufficient acts are asserted to constitute probable cause to believe he used the defendant property to facilitate violation of federal narcotics laws. Felix Ambrose argues that because the government did not allege that the defendant property was *actually* the situs of a delivery or sale of cocaine, the government failed to allege a sufficient nexus with the defendant property to bring it within the scope of 21 U.S.C. § 881(a)(7). According to Felix Ambrose, allegations that he used the phone at the defendant property to coordinate the purchase and sale of narcotics and that he planned to receive a delivery of five kilograms of cocaine at the defendant property do not constitute the acts required under § 881(a)(7).

Section 881(a)(7) states that all real property "intended to be used" to violate federal narcotics laws is subject to forfeiture under § 881(b). Here, the complaint alleges that the defendant property was to be used for the delivery of five kilograms of cocaine. If effectuated, a felony under 21 U.S.C. § 841(a)[2] would have occurred. Thus, the complaint adequately alleges sufficient facts to constitute probable cause that Felix Ambrose intended to use the defendant property to violate a federal narcotics law. The complaint also alleges that a phone at the defendant property was regularly used to negotiate the sale of cocaine. If proven, each instance the phone was used regarding such negotiations would result in a separate violation of 21 U.S.C. § 843(b).[3] Although an isolated use of a phone at a home to discuss a narcotics sale might not be a sufficient basis to subject the home to § 881 forfeiture, a much different set of circumstances is alleged in the present case. Coupling the allegations that the phone at the defendant property was used regularly to coordinate the sale and delivery of cocaine with the allegation the defendant property was to be the situs

**2.** 21 U.S.C. § 841(a) provides:
(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

**3.** 21 U.S.C. § 843(b) states:
(b) It shall be unlawful for any person knowingly or intentionally to use any communica-

tion facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

of a delivery of five kilograms of cocaine, a sufficient nexus between the alleged illegal activity and the defendant property is asserted. Under the facts alleged in the verified complaint, probable cause existed to believe the defendant property was being used or intended to be used to facilitate the violation of federal narcotics laws.

■ This court also rejects Felix Ambrose's argument that § 881(a)(7) does not encompass real estate held in a land trust. Section 881(a)(7) subjects to forfeiture all right or interest in real estate used to facilitate the commission of a federal narcotics violation. The inclusion of such language shows a clear and unmistakable intent on the part of Congress to reach all types of property interests in real estate used to violate the provisions of Title 21. As such, the language of § 881(a)(7) is broad enough to include beneficial interest in a land trust holding title to real property. Accordingly, Felix Ambrose's motion to dismiss the government's forfeiture action is denied.

The second argument asserted by Felix Ambrose is that the process by which the government seized his home violated his right to procedural due process protected by the Fifth Amendment. Here, the government obtained a warrant of seizure for the defendant property without first submitting the complaint to a judicial officer for a determination of probable cause. Following the procedures set forth in § 881(b)(4) and Admiralty and Maritime Rule C(3), the government simply filed a verified complaint alleging it had probable cause to believe the defendant property was subject to forfeiture under § 881, and a clerk of the court issued a warrant of seizure and monition. Felix Ambrose asserts that no exigent circumstances existed at the time the warrant was procured which suggested Felix Ambrose was about to dispose of his interest in the defendant property. The government does not appear to dispute this contention. Since no preseizure judicial hearing was conducted and no exigent circumstances are alleged to have existed at the time the complaint

was filed, Felix Ambrose argues the procedure by which the government obtained the warrant violated his Fifth Amendment right to due process.

Recently, a number of district courts addressing § 881 seizures of real property have found the procedures outlined in § 881(b)(4) and Rule C(3) violate the Warrants Clause of the Fourth Amendment and the Due Process Clause of the Fifth Amendment. *United States v. $128,035 in U.S. Currency*, 628 F.Supp. 668 (S.D.Ohio 1986) (warrant of seizure for real property issued without preseizure judicial hearing pursuant to Rule C(3) or warrantless seizure of real property pursuant to § 881(b)(4) violate Warrants Clause of the Fourth Amendment); *Application of Kingsley*, 614 F.Supp. 219 (D.Mass.1985) (for Rule C(3) to satisfy the Fourth Amendment's proscription that "no warrants shall issue but upon probable cause," a preseizure judicial hearing requirement must be inferred); *United States v. Certain Real Estate Property*, 612 F.Supp. 1492 (S.D. Fla.1985) (Due Process Clause of Fifth Amendment forbids governmental seizure of real property pursuant to § 881(b)(4) or Rule C(3) absent exigent circumstances, without prior judicial review).

In *Certain Real Estate Property*, the government obtained a warrant of seizure for certain commercial real estate allegedly purchased with the proceeds of drug transactions without first obtaining a probable cause determination from a detached judicial officer. *Id.* at 1494. Scrutinizing the Rule C(3) and § 881(b)(4) procedures allowing the seizure of real property without a prior judicial hearing, the court briefly reviewed two Supreme Court decisions analyzing the constitutionality of prejudgment garnishment and replevin statutes. *Id.* at 1495, *citing Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The court observed that in both *Sniadach* and *Fuentes*, state laws allowing creditors to seize certain properties in possession of debtors were held to violate

Fourteenth Amendment due process requirements because the laws failed to afford debtors with any prior notice or opportunity to challenge the seizure. *Certain Real Estate Property*, 612 F.Supp. at 1495. Yet, the court noted that *Fuentes* clearly articulated certain conditions under which the failure to provide an opportunity for a hearing prior to the seizure of a property interest would not result in a deprivation of procedural due process:

> [First], the seizure [must be] directly necessary to secure an important governmental or general public interest. Second, there [must be] a special need for very prompt action. Third, the State [must maintain] strict control over its monopoly of legitimate force: the person initiating the seizure [must be] a government official responsible for determining, under the standards of a narrowly drawn statute, that it [is] necessary and justified in the particular instance.

*Id.* at 1495–96, *quoting Fuentes,* 407 U.S. at 91, 92 S.Ct. at 2000.

The court in *Certain Real Estate Property* observed that the foregoing three-step analysis was utilized by the Supreme Court to uphold a Puerto Rican statute allowing the seizure and forfeiture of marine vessels used to transport controlled substances. *Id.* at 1496, *citing Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). Applying the *Fuentes* test, the Supreme Court in *Calero-Toledo* reasoned:

> First, seizure under the Puerto Rican statutes serves significant governmental purposes: Seizure permits Puerto Rico to assert *in rem* jurisdiction over the property in order to conduct forfeiture proceedings, thereby fostering the public interest in preventing continued illicit use of the property and in enforcing criminal sanctions. Second, preseizure notice and hearing might frustrate the interests served by the statutes, since the property seized—as here, a yacht—will often by of a sort that could be removed to another jurisdiction, destroyed, or concealed, if advance warning of confiscation were given. And finally, unlike the situation

in *Fuentes,* seizure is not initiated by self-interested private parties; rather, Commonwealth officials determine whether seizure is appropriate under the provisions of the Puerto Rican statutes. In these circumstances, we hold that this case presents an "extraordinary" situation in which postponement of notice and hearing until after seizure did not deny due process.

*Calero-Toledo,* 416 U.S. at 679–80, 94 S.Ct. at 2089–90 (footnotes omitted).

Turning to the facts in the case before it, the court in *Certain Real Estate Property* agreed that the seizure of any property pursuant to 21 U.S.C. § 881(b) would serve a significant governmental purpose because it would deter drug smuggling by depriving the criminal of the rewards of his illegal activity. *Certain Real Estate Property,* 612 F.Supp. at 1496. Similarly, the court observed that the statute allowed only the Attorney General to seize property pursuant to statutory guidelines designed to minimize abusive behavior by law enforcement officials. *Id.* However, the court was unable to see how a preseizure hearing would frustrate the interests served by the statute since there was no likelihood that the real estate was going to disappear. The court stated that "where the property is large and immovable (*e.g.,* land and buildings thereon), and the likelihood of it being concealed or destroyed is remote, there is no overriding need for 'prompt action' which would sacrifice the property owner's right to procedural due process." *Id.*

In determining what process is due the property owner is such cases, the court recognized that prior notice of the hearing and seizure might severely frustrate the objectives of § 881(b). *Id.* As the information used to obtain probable cause is often supplied by confidential informants or undercover agents, disclosing the identity of such individuals to the property owner would jeopardize the safety of those sources and success of the operation. *Id.* at 1497. Like situations involving applica-

tions for search warrants for wiretaps, the court stated that policy and prudence may require the government's request for a warrant of seizure *in rem* be held *ex parte. Id.* Balancing the competing public and private interests, the court concluded that the Fifth Amendment minimally requires that no warrant for the arrest *in rem* of real property issue unless a judicial officer conducts an *ex parte* review of the complaint and concludes a reasonable basis is set forth for believing the property is subject to forfeiture under § 881(b). *Id.*

This court finds the reasoning of *Certain Real Estate Property* persuasive and directly applicable to the facts in the instant case. Cases cited by the government in which § 881(b) procedures have been upheld all involve seizures of personal property capable of being moved or hidden at a moment's notice. *See, e.g., Colero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974) (seizure of yacht); *United States v. Banco Cafetero Panama*, 797 F.2d 1154 (2d Cir. 1986) (seizure of bank account). Because of the movable nature of such property, exigent circumstances required by *Fuentes* existed, and seizure without prior judicial hearing was constitutionally permissible. Here, as in *Certain Real Estate Property*, no such threat exists.

■ The government argues *Certain Real Estate Property* is distinguishable because unlike the former, the claimants in this case were not physically evicted from the defendant property. This difference, however, does not save the procedure followed in this case because the government still is unable to show what "special need for very prompt action" exists when the seizure of real property is involved. *Fuentes*, 407 U.S. at 91, 92 S.Ct. at 1999–2000. Although the procedure followed by the government in this case resulted in a minimal invasion of privacy for the Ambroses, that fact bears little relevance to the Fifth Amendment concerns raised. Instead, the degree to which the privacy interests of the Ambroses may have been violated by the attempted seizure relates to Fourth Amendment considerations with which this court is not presently concerned. Here, the government does not present any convincing argument that an *ex parte* preseizure hearing would frustrate the interests served by § 881(b) since there is no possibility the defendant property can be removed to another jurisdiction. If the government fears the owner will attempt to transfer title or interest in the property before a probable cause determination is made, the government can file a notice of *lis pendens* or seek injunctive relief. *United States v. $128,035 In U.S. Currency*, 628 F.Supp. at 674 n. 4. Given the failure of the government to show the exceptional circumstances required by *Fuentes* and *Calero-Toledo* for seizures without a prior judicial hearing, this court finds Rule C(3) and § 881(b)(4) procedures applied to the facts in this case violated the Fifth Amendment. Felix Ambrose's motion for summary judgment is granted and the warrant of seizure is quashed. However, this ruling does not require Felix Ambrose's alternate motion to dismiss be granted. As this court has already determined probable cause to seize the defendant property is stated in the government's complaint, the clerk of the court is directed to reissue the *in rem* arrest warrant.

■ Next, this court addresses the motion of Jean Ambrose to dismiss the forfeiture proceedings insofar as they relate to interest in the defendant property. Jean Ambrose asserts she holds interest in the defendant property as a joint tenant and had no knowledge of her husband's alleged use of the home for unlawful purposes. Since an exception under § 881(a)(7) prevents forfeiture of property interests owned by individuals having no knowledge or giving no consent to the unlawful activity and the complaint fails to allege such knowledge or consent, Jean Ambrose prays this court dismiss the forfeiture proceedings against her interest in the defendant property.

According to § 881(a)(7) all real property used or intended to be used to facilitate certain violations of Title 21 is subject to

forfeiture "except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." 21 U.S.C. § 881(a)(7). This provision has been interpreted as a defense to a forfeiture proceeding and not an essential element of the government's case. *U.S. v. A Parcel of Real Property*, 636 F.Supp. 142, 146 (N.D.Ill.1986). "The plain meaning of this last clause of § 881(a)(7) clearly places the burden on the property owner to come forward at the forfeiture trial to prove [her] ignorance defense." *Id.* When trial on the merits of this case occurs, Jean Ambrose will have an opportunity to prove she had no knowledge of and gave no consent to her husband's alleged unlawful activities. Accordingly, Jean Ambrose's motion is denied.

█ Finally, the two remaining motions before this court relate to claims made by a mortgagee and judgment lien holder on the defendant property. Since claimant First National Bank of Lake Forest and claimant James Fouts essentially are asserting defenses against the § 881 proceeding, a determination of priority among the claimants should await resolution of the forfeiture case on the merits. Thus, claimants' motions for summary judgment will be denied at this time.

### III. CONCLUSION

As this court concludes that the procedure by which the government seized the defendant property violated the Due Process Clause of the Fifth Amendment, the warrant issued by the clerk of court on February 27, 1986 is quashed. However, since probable cause to believe the defendant property is forfeitable under § 881 is stated in the government's complaint, the clerk of the court is ordered to reissue the *in rem* arrest warrant for the defendant property. As such, Felix Ambrose's motion to dismiss for lack of probable cause is dismissed. Because Jean Ambrose asserts a defense to the § 881 proceedings, her

motion to dismiss is improper and therefore denied. Finally, the claims of First National Bank of Lake Forest and James S. Fouts should await resolution of this case on the merits. Accordingly, both claimants' motions for summary judgment are denied at this time.

IT IS SO ORDERED.