**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN REAL PROPERTY AND PREMISES KNOWN AS 890 NOYAC ROAD, NOYAC, NEW YORK, Defendant.**

**No. CV 89–0461.**

United States District Court,
E.D. New York.

June 19, 1990.

---

Andrew J. Maloney, U.S. Atty. and Charles Kleinberg, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff; Roseanne Harvey, Sp. Asst. U.S. Atty., of counsel.

Richard B. Lind, New York City, for claimant Counihan.

John C. Bivona, Huntington, N.Y., for claimant Ljundquist.

WEXLER, District Judge.

Plaintiff United States of America ("plaintiff"), commenced the above-referenced civil forfeiture action pursuant to the Comprehensive Crime Control Act of 1984, 21 U.S.C. § 881(a)(7) ("§ 881") against defendant-in-rem. Currently before the Court is plaintiff's motion for specific jury instructions regarding the "innocent owner" defense. Claimant of defendant property, Josephine A. Counihan ("claimant"), opposes plaintiff's motion and has proposed an alternative charge. For the reasons stated below, plaintiff's motion is granted.

### I.

The Comprehensive Crime Control Act's forfeiture section provides for an "innocent owner" defense to a forfeiture proceeding. The relevant part of § 881 states:

(a) Property subject

The following shall be subject to forfeiture to the United States Government and no property right shall exist in them:

. . .

(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, *except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.*

21 U.S.C. § 881 (emphasis added).

Thus, the statute provides for a defense if an owner proves that the property was not used for the illegal activities giving rise to the forfeiture, or that they occurred "without the knowledge or consent of that owner." *Id.* In the case at bar the parties agree that § 881(a)(7) applies and, further, it is undisputed that claimant bears the burden of proving the innocent owner defense.

The issue before the Court concerns the interpretation of § 881(a)(7), to wit, whether the phrase "without knowledge or consent" is equivalent to the phrase "without knowledge *and without* consent," as the government maintains; or whether, as

claimant contends, the phrase is equivalent to the phrase "without knowledge *or without* consent."

This question involves a substantial split of authority and has yet to be decided by the Second Circuit. In *United States v. 171–02 Liberty Avenue*, 710 F.Supp. 46 (E.D.N.Y.1989), the court certified an immediate appeal of this question, although the Second Circuit deferred consideration of the issue until final judgment is entered in that case. This matter comes before this Court pending the result in *171–02 Liberty Avenue*.

## II.

Claimant argues that she can establish her "innocent owner" defense by demonstrating *either* that she lacked knowledge *or* that she lacked consent to the illegal activity on the defendant premises. In other words, claimed argues that her burden will be met, and the defense proven, if she can show either one or the other. Claimant relies principally on the opinion in *171–02 Liberty Avenue*. *See* 710 F.Supp. 46. There the claimant asserted that his conceded knowledge of the illicit activities was not enough to render the "innocent owner" defense unavailable to him. In its analysis, the court found that "the statutory language is all the court has to go on," and then stated that "under normal cannons of statutory construction, the court must give effect to Congress' use of the word 'or' by reading the terms 'knowledge' and 'consent' disjunctively." *Id.* at 50. Hence the court reasoned that if "or" was considered a disjunctive word, a claimant's innocence would be evinced by showing one *or* the other. In other words, the court found that the statute would create an affirmative defense where the illegal activities giving rise to the forfeiture "occurred without the knowledge *or without the consent* of the owner." *Id.* (emphasis supplied); *accord, United States v. 6109 Grubb Rd.*, 886 F.2d 618 (3d Cir.1989).

Plaintiff finds fault with the opinion in *171–02 Liberty Avenue* and maintains that § 881(a)(7) requires an owner to prove *both* that she lacked knowledge of, *and* that she

did not consent to the illegal drug activity. Through an exposition of what it calls elementary principles of logic, plaintiff, in essence, asserts that the phrase "knowledge or consent" must be read as a compound phrase.

Plaintiff cites "Demorgan's Law" for the proposition that a compound phrase requires only one property to be met if the compound proposition ("knowledge or consent") is to be filled. Accordingly, plaintiff argues, for an owner to prove that she *did not* meet the compound property ("knowledge or consent") she must prove that she had *neither* knowledge nor consent. That is to say, she must prove that she had no knowledge and also that she did not consent to the illegal activity.

Plaintiff claims that the court's reasoning in *171–02 Liberty Avenue* is flawed. Moreover, it asserts that the court's "revision" in that case is "painfully inconsistent with one of the most fundamental rules of grammar and syntax." However, logic and syntax do not exist in a vacuum. Plaintiff *begins* its exercise in logic with the proposition that "knowledge or consent" is a compound phrase, and is not—as claimant reads it—a disjunctive one. Although both arguments follow cogently from their initial assumptions, the real question centers on precisely that which both arguments take for granted, namely, whether the phrase *ought to* be read as a disjunctive or as a compound phrase.

■ Under normal canons of statutory construction, terms connected by a disjunctive word must be given their separate meanings unless the context dictates otherwise. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 338–39, 99 S.Ct. 2326, 2330–31, 60 L.Ed.2d 931 (1979). *See also United States v. Menasche*, 348 U.S. 528, 538–539, 75 S.Ct. 513, 519–520, 99 L.Ed. 615 (1955) (Court must give effect, if possible, to every word Congress used); *FCC v. Pacifica Foundation*, 438 U.S. 726, 98 S.Ct. 3026, 57 L.Ed.2d 1073 (1978) (terms connected by a disjunctive word must be given separate meanings). Accordingly, this Court must look not only at the possibility of reading "or" as disjunctive, but also at

the context of the entire phrase. It is interesting to note that all of the authority supporting a disjunctive reading cites the above language and apparently ignores the phrase "unless context dictates otherwise." Contrary to what the above citations imply, in this case each word *is* given its separate meaning, the issue is only whether one or both words should be included by the word "or".

In some usages, the word "or" creates a multiple rather than an alternative obligation so that where necessary, "or" may be construed to be read as "and." *Black's Law Dictionary* 987 (5th ed. 1979). The most common example may be the insurance policy which requires the insurer to pay benefits for "loss of life, limbs, sight or time." Surely this would not restrict the insured's recovery to loss of limbs *or loss of sight* but not both. The context of an insurance policy demands that the court read the "or" as a connector in a compound phrase, much like the word "and." For the insurance company would, arguably, be forced to pay if an insured lost his limbs *and if* he lost his sight. Not to do so would lead to absurd if not unjust results.

■ Similarly, in the context of § 881, the phrase "*know or consent*" would lead to absurd results if it were read as giving claimant the option of proving either one or the other. For then it would be possible for an owner to know about, and perhaps even tacitly condone illegal drug activity, and yet still be able to claim that she did not "know or consent" to the activity. *See United States v. 2011 Calumet, Houston, Texas,* 699 F.Supp. 108, 110 (S.D.Tex.1988) (innocent owner defense applies only to owners expected to preclude or discover illegal use); *U.S. v. 418 57th St. Brooklyn,* 737 F.Supp. 749 (E.D.N.Y.1990) (property shall be forfeited unless the wrong occurred without *either* the knowledge or the consent of the owner); *U.S. v. 124 East North Avenue,* 651 F.Supp. 1350, 1357 (E.D.Ill.1987) (claimant given opportunity to prove she had no knowledge *and* gave

no consent to husband's illegal activities) (emphasis added); *U.S.A. v. Premises known as 1908–1910 Jackson St.,* 86–1389, 1987 WL 13086 (E.D.Pa. June 26, 1987) (claimant must show they had no knowledge of *nor* gave their consent to illegal acts committed on the premises) (emphasis added).

### III.

The legislative history of the amended section also supports this view. The innocent owner language resulted from an amendment to the statute proposed by Senators Nunn, Mathias, and Wallop which was introduced with the intention "to make it clear that a bona fide party who has no knowledge or consent to the property he owns having been derived from an illegal transaction, that party would be able to establish that fact under this amendment and forfeiture would not occur." Remarks of Senator Sam Nunn, 124 Cong.Rec. 2305 (July 27, 1978). The fact that Senator Nunn, in explaining the purpose of the amendment, repeated the phrase "knowledge or consent" supports the reading that the phrase is of one idea, expanded by the inclusion of the "or" to communicate the parameters of what an innocent owner must prove.

Senator Culver remarked at the same session of Congress that the amendment's purpose was "to protect the individual who obtains ownership of proceeds with no knowledge of the transaction." *Id.* Clearly, Senator Culver was not seeking, as claimant would have it, to protect the owner who *had* knowledge but who did not give any consent to the illegal activities.[1]

Recent indications of congressional intent concerning § 881(a)(7) explicitly condemn the holding in *6109 Grubb Rd.* and propose an amendment to remedy the "incorrectness of the holding." Remarks of Senator Robert Dole, 136 Cong.Rec. 6586, 6594 (May 18, 1990). Pursuant to proposed amendments of the forfeiture statute's innocent owner defense, a claimant seeking

---

1. While the comments refer to § 881(a)(6), the language of § 881(a)(7) is identical and should be read in the same fashion. *Monroe Sav.*

*Bank, FSB v. Catalano,* 733 F.Supp. 595, 598 n. 2 (W.D.N.Y.1990).

to prove innocent ownership would carry the additional burden of showing *willful blindness* as an element. In proposing the new amendment, Senator Dole said, "[i]t is intended that, in order to establish the innocent owner exemption, the property owner must establish *all three* circumstances— i.e., that the owner lacked knowledge, consent, and willful blindness as to the offense giving rise to the forfeiture." *Id.* (emphasis supplied). Thus the individual elements of the innocent owner exemption must be read as connected by an "and". This makes sense if, by the addition of "willful blindness," Congress sought to include an additional state of mind the owner must prove she did not have.

If "willful blindness" is added to § 881(a)(7), then it is clear that the claimant's innocent owner defense fails if she does not prove she was not knowledgeable about the illegal activity, that she did not consent *and* that she was not willfully blind. Otherwise, if the disjunctive construction is given to the phrase (which would then have an "or" between each word), then an owner would be able to prove her innocence by showing that she was not willfully blind to the event despite having given it her explicit consent. Thus, one who is required to prove they did not have these three states of mind must be without all three of them. The proposed amendment is compatible with this Court's reading of the phrase "without knowledge or consent" as meaning "without knowledge *and without* consent" insofar as Congress appears to be recognizing and clarifying an ambiguity in the statute.

IV.

Of course, this Court recognizes the implicit difficulties in determining what constitutes proof for states of mind such as "knowledge" and "consent." It is to be noted that these are matters best left to the triers of fact. As such, this Court declines to make any hard and fast pronouncements as to how, for example, a claimant would *prove* he did not know of an event or an activity. Rather, this Court would look to the surrounding facts and circumstances for an indication relevant to claimant's state of mind. For it would be a perverse reading of § 881(a)(7) to say that a landlord who learns of illegal drug activity, and who immediately takes all reasonable steps to prevent or terminate such activity, should be nonetheless denied exemption to property forfeiture.

█ In a civil case such as this, the standard would properly be one of reasonableness. That is, what a reasonable person would have done under the circumstances. Affirmative steps taken to prevent illegal activity after one learns of it, though clearly indicative of knowledge *per se*, may reasonably be taken as proof of lack of knowledge of the illegal activity as it was taking place. Conversely, if a landlord received knowledge of drug transactions on his property but failed to initiate curative measures after a prolonged period, a jury may properly disbelieve the landlord's claim that he had no knowledge at the time of the illegal activity.

The trier of fact should determine what constitutes "consent" according to the same reasonableness standard. Again, the Court is mindful of potential difficulties, such as the situation in which an otherwise innocent owner is forced to "consent" to the activity by threats of force or retaliation. This, in turn, raises the question of whether consent obtained through duress qualifies as "consent" under the statute. Plaintiff urges that "consent" be read as constructive consent, which means that the claimant would need to exhaust—and prove he exhausted—all reasonable steps in order to prevent or terminate the illegal activity. While evidence of such efforts would certainly bear heavy weight as proof of lack of consent, the requirement that a claimant seeking innocent owner status assume an affirmative duty does not appear to be within the scope of the statute, and it is not for this Court to impose such a duty as a matter of law.

Accordingly, this Court finds that 21 U.S.C. § 881(a)(7), which reads "to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted

**116**

without the knowledge or consent of that owner," shall be construed to read without knowledge *and without consent.*

### CONCLUSION

For the reasons stated above, plaintiff's motion for specific jury instructions as to "knowledge or consent" is granted, and will be effectuated in accordance with the Court's reasoning in this opinion.

SO ORDERED.