**UNITED STATES of America, Plaintiff,**

v.

**8215 REESE ROAD, HARVARD, ILLINOIS, Defendant.**

**No. 92 C 3715.**

United States District Court,
N.D. Illinois, E.D.

Sept. 17, 1992.

Timothy L. Hoffman, U.S. Attorney's Office, Chicago, Ill., for U.S.

Marc W. Martin, Geason, Steinbeck, Gillespie & Martin, Chicago, Ill., Marvin Bloom, Chicago, Ill., for claimants Maura Wangler, and John Wangler.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

After an *ex parte* presentation to the court, the United States obtained a warrant of seizure and monition, permitting it to seize and encumber the property located at 8215 Reese Road in Harvard, Illinois. 8215 Reese Road is the home of John and Maura Wangler ("Wanglers," "Claimants"). The Wanglers claim that because they were denied a pre-seizure notice and hearing, their due process rights were violated. Accordingly, they move to dismiss the government's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Factual Background

On June 11, 1992, the United States filed a verified complaint seeking forfeiture of property located at 8215 Reese Road in Harvard, Illinois. The complaint sought forfeiture pursuant to 21 U.S.C. § 881(a)(7), authorizing forfeiture of property used in the violation of federal statutes. The complaint was verified by the affidavit of Inspector Jeffery Foerster of the North Central Narcotics Task Force, Division of Criminal Investigations, of the Illinois State Police.

According to the complaint, the Drug Enforcement Agency, together with the Illinois State Police, executed a search warrant for 8215 Reese Road. The law officers discovered twenty-six pounds of marijuana on the property along with packaging materials such as scales and plastic bags. John Wangler, one of the owners of the property, admitted that he had engaged in previous sales of marijuana, and that twenty-five pounds of the marijuana found on the property were intended for sale to other people. (Complaint at ¶ 8). Maura Wangler, the other owner of the property, likewise admitted that she was aware that the property was used to store marijuana before it was sold to others. (Complaint at ¶ 9).

The government filed an *ex parte* motion requesting that this Court review its verified complaint and make a finding of probable cause prior to service of the warrant of seizure and monition.[1] That same day, the Court found that there was probable cause to believe that 8215 Reese Road was subject to forfeiture under 21 U.S.C. § 881(a)(7) and ordered seizure and monition of the property pursuant to Rule C of the Admiralty Rules.

---

1. The government's motion acknowledged that there is case law suggesting that the statutory procedure for civil forfeitures, which does not require a judicial hearing, violates the Fifth Amendment's due process clause.

## IV. Discussion

■ There is no dispute that the seizure of 8215 Reese Road complied with the relevant statutory requirements. Under 21 U.S.C. § 881(b),

Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims....

Supplemental Rule C(3), in turn, provides that

*[e]xcept in actions by the United States for forfeitures for federal statutory violation,* the verified complaint and any supporting papers shall be reviewed by the court and, if the conditions for an action *in rem* appear to exist, an order so stating and authorizing a warrant for the arrest of the vessel or other property that is the subject of the action shall issue and be delivered to the clerk who shall prepare the warrant and deliver it to the marshal for service.

(emphasis added). Under Supplemental Rule C(3), then, pre-seizure review is not required for forfeitures sought pursuant to § 881(a)(7). In fact, Supplemental Rule C(3) expressly exempts the government from obtaining pre-seizure judicial review. *United States v. South Side Finance, Inc.,* 755 F.Supp. 791, 799 (N.D.Ill.1991) (citing *United States v. 124 East North Ave., Lake Forest, Ill.,* 651 F.Supp. 1350, 1353 (N.D.Ill.1987)); *United States v. A Parcel of Real Property Commonly Known As: 3400–3410 West 16th Street, Chicago, Illinois,* 636 F.Supp. 142, 145 (N.D.Ill.1986)). Accordingly, there has been no violation of the statutory requirements in the case at hand.

■ However, a seizure whose process complies with § 881(b) and Supplemental Rule C(3) may still violate a party's due process rights. *See e.g. United States v. 124 East North Ave.,* 651 F.Supp. 1350; *United States v. Certain Real Estate Property Located at 4880 S.E. Dixie Highway,* 612 F.Supp. 1492 (S.D.Fla.1985) (va-

cated and remanded on other grounds *United States v. Certain Real Estate Property,* 838 F.2d 1558 (11th Cir.1986)). In general, due process requires that a person receive a hearing before being deprived of liberty or property. *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 984, 108 L.Ed.2d 100 (1990). However, in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), the Supreme Court outlined three conditions under which a pre-seizure hearing is unnecessary to satisfy due process. The three conditions are as follows:

First, ... the seizure [must be] directly necessary to secure an important governmental or general public interest. Second, there [must be] a special need for very prompt action. Third, the State [must keep] strict control over its monopoly of legitimate force; the person initiating the seizure [must be] a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance.[2]

*Id.* at 91, 92 S.Ct. at 91.

In light of *Fuentes,* several lower courts have held that where the three conditions are not met, even compliance with § 881(b) and Supplemental Rule C(3) may not save a seizure from violating due process. *See e.g. Certain Real Estate Property,* 612 F.Supp. 1492; *124 East North Ave.,* 651 F.Supp. at 1356 (court ruled that process comporting with § 881(b) and Supplemental Rule C(3) nonetheless violated due process where *Fuentes'* conditions were not met). Despite the government's compliance with § 881(b) and Supplemental Rule C(3), then, we face the question of whether, under the facts of this case, the Claimants' due process rights were violated.

In analyzing whether the combination of circumstances and process provided in a given case satisfy due process, courts faced with challenges to the seizure of *business* property have generally found that an *ex parte* hearing, on its own, satisfies due process. *See e.g. South Side Finance,* 755

---

**2.** *See also Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 679–80, 94 S.Ct. 2080, 2089–90, 40 L.Ed.2d 452 (1974) (Court applied the *Fuentes* test).

F.Supp. at 799–800; *A Parcel of Real Property*, 636 F.Supp. 142; *United States v. Single Family Residence & Real Property*, 803 F.2d 625 (11th Cir.1986).[3] These courts have tended to find that the provision of some pre-seizure process, namely an *ex parte* hearing, combined with the clear public interest in seizing property used to violate narcotics laws and the fact that the forfeiture was officially initiated satisfies due process. Nor have these courts been troubled by the immovability of the property. *Id.* In cases involving immovable property, courts have simply noted that special concerns arise when the government moves for forfeiture. Specifically, pre-seizure judicial notice and hearing could prejudice the government in parallel criminal proceedings by allowing claimants to misuse discovery material gained during the hearing. Notes of Advisory Committee on Rules, Supplemental Rule C(3), note (1985). Moreover, pre-seizure notice and hearing might frustrate the objectives of § 881(b) by risking the exposure of government informants and undercover agents. *See South Side Finance*, 755 F.Supp. at 800–01; *Certain Real Estate*, 612 F.Supp. at 1496–97. Accordingly, these courts have noted that the use of *ex parte* proceedings, rather than full-blown judicial hearings, is peculiarly appropriate in civil forfeiture actions under § 881. *Id.*

Nevertheless, other courts faced with challenges to the seizure of *homes*, based solely on *ex parte* hearings, have found that the lack of pre-seizure notice and hearing violates due process. *See U.S. v. Parcel 1, Beginning at a Stake*, 731 F.Supp. 1348, 1353 (S.D.Ill.1990); *U.S. v. Premises & Real Property at 4492 S. Livonia Rd.*, 889 F.2d 1258, 1264 (2d Cir.1989). *See also In re Application of Kingsley*, 802 F.2d 571, 582–83 (1st Cir.1986) (J. Torruella dissenting). These courts have recognized that they should not mechanically follow rules of law in determining the adequacy of the process received in a given case. *See Parcel I*, 731 F.Supp. at 1353 (citing *Cafeteria and Restaurant Workers Union v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961)). Due process is a flexible notion that demands different procedural protections in different situations. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Accordingly, these courts went beyond *Fuentes*, which focuses exclusively on governmental interests and needs, and instead relied primarily on *Mathews v. Eldridge*, 424 U.S. 319, 334–335, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976).[4] In *Mathews*, the Court balanced the governmental interests with the private interests at stake. *See Parcel I*, 731 F.Supp. at 1353 (citing); *Livonia*, 889 F.2d at 1264.

We agree that the *Mathews'* balancing test is particularly appropriate where a person's home is at stake. Accordingly, in determining whether the *ex parte* hearing provided sufficient due process protection in the instant case, we must look to the private and governmental interests involved. Specifically, we will consider 1) the private interests affected, 2) the risk of an erroneous deprivation of that interest, and 3) the government's interest in avoiding additional procedural safeguards. *See Mathews*, 424 U.S. at 335, 96 S.Ct. at 903.

Since the property at issue is the Claimants' home, the private interests at stake here are very high. A person's "expectations of privacy and freedom from government intrusion in their homes merit special Constitutional protection." *Parcel I*, 731 F.Supp. at 1353 (citing *United States v. Karo*, 468 U.S. 705, 714, 104 S.Ct. 3296, 3303, 82 L.Ed.2d 530 (1984)). On the other hand, the governmental interests, as alleged, do not appear particularly compelling. While the United States certainly has an interest in seizing property that has

---

**3.** Expectations of privacy in one's business are less than those in one's home. *New York v. Burger*, 482 U.S. 691, 700, 107 S.Ct. 2636, 2642, 96 L.Ed.2d 601 (1987).

**4.** We note that in *United States v. All Assets of Statewide Auto Parts*, 971 F.2d 896 (2d Cir.1992)

and *United States v. 141st Street Corp. by Hersh*, 911 F.2d 870 (2d Cir.1990) the Second Circuit applied the *Mathews* test to seizures of businesses. However, in both cases, the court observed that individuals had a lesser interest in a business than in a home.

been used to violate federal narcotics laws, that interest is achieved whether the seizure comes before or after a judicial hearing. Moreover, the government fails to allege any exigent circumstances requiring prompt seizure. That is, the government does not allege that the property is movable,[5] nor that it is likely to be used in further narcotics violations. *See Calero*, 416 U.S. at 679, 94 S.Ct. at 2090 (Court indicates that these factors are relevant in determining whether prompt action is necessary). Furthermore, neither the complaint nor the motion for an *ex parte* finding of probable cause alleges the need to protect the identities of informants or undercover agents or the need to protect information the claimant might obtain through pre-seizure hearing discovery. Accordingly, we find that while an *ex parte* determination of probable cause reduces the likelihood of erroneous deprivation, the Claimants in this case should have received the higher protection afforded by an adversarial judicial hearing.[6]

### IV. Conclusion

For the foregoing reasons, Claimants motion to dismiss the government's complaint against 8215 Reese Road is granted.[7] It is so ordered.

---

5. In any event, any exigencies posed by the threat of transfer or encumbrance of the property could be dealt with less restrictively by filing a *lis pendens.*

6. For an impassioned discussion of the dangers and potential for abuse inherent in current civil forfeiture procedures, see *All Assets of Statewide Auto Parts,* at 901–05.

7. We hasten to note, however, that the illegal seizure of property, standing alone, will not immunize that property from forfeiture so long as impermissibly obtained evidence is not used in the forfeiture proceeding. *See e.g. United States v. One 1978 Mercedes Benz,* 711 F.2d 1297, 1303 (5th Cir.1983); *United States v. One 1975 Pontiac Lemans,* 621 F.2d 444, 450–51 (1st Cir.1980); *United States v. One 1971 Harley–Davidson Motorcycle,* 508 F.2d 351 (9th Cir. 1974). The Supreme Court has recognized the application of this rule in forfeiture proceedings. *See INS v. Lopez–Mendoza,* 468 U.S. 1032, 1040, 104 S.Ct. 3479, 3484, 82 L.Ed.2d 778 (1984).