**UNITED STATES of America,**
**Plaintiff/Respondent,**

v.

**Dana THIBAULT, Defendant/Movant.**

Civ. A. No. 95–M–175.
Crim. A. No. 93–CR–53.

United States District Court,
D. Colorado.

June 13, 1995.

**496**

John M. Hutchins, Assistant United States Attorney, Denver, CO, for plaintiff.

Robert Cook, Boulder, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

MATSCH, Chief Judge.

By his motion pursuant to 28 U.S.C. § 2255, Dana Thibault seeks an order vacating his conviction and sentence on the claim that the conviction violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because he was previously punished by forfeiture of his property pursuant to 21 U.S.C. § 881(a)(7).

The defendant pleaded guilty on September 8, 1993, to count one of a superseding indictment charging a conspiracy to cultivate more than 100 marijuana plants and aiding and abetting the same, in violation of 21 U.S.C. § 846; § 841(a)(1), § 841(b)(1)(B)(vii); 18 US.C. § 2. The plea was entered under a plea agreement involving his cooperation and the government's agreement to a specific sentence of 30 months under F.R.Cr.P. 11(e)(1)(C). At sentencing, the government filed a motion for a downward departure from the mandatory minimum sentence of 60 months to 24 months under the authority of § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e).

This court accepted the plea agreement on October 29, 1993, entering a judgment of 24 months imprisonment to be followed by four years of supervised release. Twelve other counts in the superseding indictment and the original indictment were dismissed on the government's motion.

An *in rem* civil forfeiture action, designated Civil Action No. 92–C–1417 was filed on July 20, 1992, resulting in seizure of a residence in Pinewood Springs Subdivision in Boulder County, Colorado. That action was settled by an agreement in which Dana Thibault surrendered his undivided partial interest in the equity in the property—estimated to be a few thousand dollars. The final order of forfeiture was entered on December 14, 1992.

 Under the Double Jeopardy Clause no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const.Amend. 5. The Clause protects against three types of abuses: a second prosecution for the same of-

fense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). This motion is based upon the contention that the defendant/movant has been subjected to double punishment for the same conduct. To obtain relief, Dana Thibault must show first, that the civil forfeiture and criminal prosecution were separate proceedings; second, that the civil forfeiture constituted a punishment and third, that the criminal conviction was for the same offense as the forfeiture.

■ The Second Circuit Court of Appeals has characterized a civil forfeiture and criminal prosecution as the same proceeding when they are merely part of a single, coordinated prosecution. *United States v. Millan,* 2 F.3d 17, 19 (2d Cir.1993), *cert. denied, Bottone v. United States,* —— U.S. ——, 114 S.Ct. 922, 127 L.Ed.2d 215 (1994). In *Millan,* the warrants for the civil seizures and criminal arrests were issued on the same day, by the same judge, based on the same affidavit. The civil forfeiture action was filed four months after the indictment. *Millan,* 2 F.3d at 18. Because the civil complaint incorporated the criminal indictment, and it was clear to all parties that the government intended to pursue all available civil and criminal remedies, the court concluded that the civil and criminal actions were merely different prongs of a single prosecution. *Id.* at 20–21. *See, also, United States v. One Single Family Residence Located at 18755 North Bay Rd.,* 13 F.3d 1493, 1499 (11th Cir.1994). That view was rejected by the Ninth Circuit Court of Appeals in *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1218 (9th Cir.1994), *opinion amended on denial of reh'g,* 56 F.3d 41 (9th Cir.1995). The reasoning of the Ninth Circuit is persuasive here. These two proceedings were brought a year apart and resolved by separate judgments by different judges. They are separate proceedings for the purposes of the Double Jeopardy Clause.

The Supreme Court held that a civil forfeiture is punishment for purposes of the Eighth Amendment Excessive Fines Clause

in *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993). There, property was forfeited pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(7).

There is a split in the circuits as to whether civil forfeiture must always be considered punishment. The Ninth Circuit, concluding that *Austin* resolved the issue of punishment with respect to forfeiture cases, held that civil forfeiture under 21 U.S.C. § 881(a)(6) is punishment. *$405,089.23 U.S. Currency,* 33 F.3d at 1219. The court rejected any approach that would require it to look at whether the forfeiture in question is excessive in relation to any remedial goals. Instead, the court must look to the requirements of the forfeiture statute as a whole, and the statutes at issue (§ 881) were designed in part to punish and deter. *Id.* at 1220–21. *See also, United States v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489, 495 (9th Cir.1994). ("There no longer is any question that the civil forfeitures ... under sections 881(a)(4) and (a)(7), constitute punishment for double jeopardy purposes.").

The Fifth Circuit has rejected a blanket rule that civil forfeiture always constitutes punishment. *United States v. Tilley,* 18 F.3d 295, 296 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994) (civil forfeiture of the unlawful proceeds from the sale of drugs is not punishment). Rather, in that circuit, forfeiture of proceeds is punishment only if the amount of the proceeds forfeited is so great that it bears no rational relation to the costs incurred by the government and society from the defendant's criminal conduct. *Tilley,* 18 F.3d at 298–99. The forfeiture of the proceeds of illegal drug sales serves the remedial purpose of reimbursing the government for the costs of detection, investigation and prosecution of drug traffickers, and reimbursing society for the costs of "combatting the allure" of illegal drugs, caring for the victims and lost productivity. *Id.* at 299. Thus, the logic of *Austin* is inapplicable to § 881(a)(6), which specifically deals with the forfeiture of drug proceeds, and which will be proportional to the amount of drugs sold. *Id.* at 300. The court did acknowledge that forfeiture of homes and real estate under § 881(a)(7) may have no

proportionality to the costs incurred by the government and society because of the large variances in the value of real estate. *Id. See also, United States v. Alexander,* 32 F.3d 1231, 1236 (8th Cir.1994) (forfeiture of proceeds cannot be considered punishment because it simply parts the owner from the fruits of the criminal activity.

■ In this case the forfeiture of Dana Thibault's interest in his residence was a punishment. The basis for the forfeiture was the use of the property to grow marijuana. It fits within the language of the *Austin* opinion.

■ The defendant must show that the civil forfeiture and criminal conviction were based on the same offense. "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The critical question is whether each offense contains an element not contained in the other; if not, they are the same offense within the Clause's meaning, and double jeopardy bars subsequent punishment or prosecution. *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993).

The *Blockburger* test was modified by *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) in which the Court established a "same conduct" test. *Grady* was expressly overruled in *Dixon,* in which the Court returned to the analysis directed in *Blockburger. Dixon,* —— U.S. at ——, 113 S.Ct. at 2860.

■ In this case, the same conduct—growing marijuana—was involved in both the forfeiture and the criminal proceeding. But, under *Blockburger,* the defendant has been punished for different reasons. He lost his property interest in the house because it was used to grow marijuana. He lost his liberty because he conspired to grow marijuana.

■ To establish a conspiracy under 21 U.S.C. § 846, the government must prove an agreement to violate the law, knowledge of the objectives of that agreement, knowing and voluntary participation in it, and interdependency among the conspirators. *United States v. Emmons,* 24 F.3d 1210, 1217 (10th Cir.1994).

■ The forfeiture of the defendant's property was obtained pursuant to 21 U.S.C. § 881(a)(7), which requires the government to establish probable cause that the premises were used or intended to be used for drug trafficking. *United States v. All Right, Title and Interest in Real Property and Appurtenances Thereto Known as 785 St. Nicholas Ave. and 789 St. Nicholas Ave.,* 983 F.2d 396, 403 (2d Cir.1993), *cert. denied, Beckford v. United States,* —— U.S. ——, 113 S.Ct. 2349, 124 L.Ed.2d 258 (1993). Because a civil forfeiture is *in rem,* the elements of a claim establishing forfeiture focus on the property's role in the offense and not on the owner's conduct. *United States v. Chandler,* 36 F.3d 358, 362 (4th Cir.1994), *cert denied,* —— U.S. ——, 115 S.Ct 1792, 131 L.Ed.2d 721 (1995). The government is not required to prove the involvement of the property owner in the commission of the offense giving rise to the forfeiture. *Id.* In fact, property may be forfeited when a crime was committed by a non-owner or when the perpetrator of the offense is unknown. *United States v. One 1987 Jeep Wrangler Auto.,* 972 F.2d 472, 476 (2d Cir.1992).

■ There is an innocent owner defense under 21 U.S.C. § 881(a)(7), requiring owners to show that they lacked knowledge or failed to give consent to the illegal activity subjecting the property to forfeiture. It is an affirmative defense and not one of the elements of the government's case in the forfeiture action. *United States v. A Parcel of Real Property Commonly Known as: 3400–3410 West 16th Street,* 636 F.Supp. 142, 146 (N.D.Ill.1986).

Having concluded that the punishments of forfeiture of his residence and imprisonment were imposed for separate reasons and not for the same offense, it is

 

ORDERED that the defendant's motion under 28 U.S.C. § 2255 is denied and this civil action is dismissed.